UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

v.

RICKY D. DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-997-BJD-LLL

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS OR STAY**

Plaintiff Donny Phillips, through counsel, responds to the Defendants' Motion for Judgment on the Pleadings or Stay. (Doc. 63). As explained below, the adjudication of the issues presented in the motion is premature. The motion should be denied because: (1) Rule 12(c) is not the proper vehicle to determine whether Plaintiff's prior settlement agreement with the Florida Department of Corrections (FDC)—which is not part of or incorporated in the pleadings—precludes this litigation; and (2) for Defendant Ricky D. Dixon, the pleadings are not closed. Even if the Court were to "effectuate the parties' intent," and convert the motion to a motion for summary judgment—which Defendants do not ask the Court to do—the motion is still due to be denied because these claims are unrelated to those that were brought or that could have been brought in Plaintiff's prior lawsuit.

I.     FACTUAL AND PROCEDURAL BACKGROUND

In his campaign, Florida Governor Rick Scott promised Floridians he would save taxpayers $1 billion a year in prison costs. In pursuit of this goal, Scott led the fight to privatize prison health care. At the time, Miami Beach Rep. David Richardson, stated, "This is not saving the state money because they are more efficient; they are saving money as a contractor because they are denying goods and services to the inmates."[1] Scott's goal was never realized but shortly after prison health care went private, state prisoner Donny Phillips—who was incontinent as a result of a spinal injury—began to suffer from purposeful interference with his sanitary and medical needs resulting in serious medical issues.

On June 6, 2015, Phillips filed a pro se lawsuit against the Chief Health Officer at Mayo Correctional Institution, Dr. Ronald Solarzano, for denying him enough diapers to allow him to keep clean.[2] He also sued two corrections officers who joked about his predicament while denying him access to a nearby bathroom. *Phillips v. Solorzano*, Case No. 1:15-cv-110-WTH-GRJ (N.D. Fla.). As Defendants correctly state, Plaintiff's current counsel—James Cook—took over that case almost

---

[1] *See* Mary Ellen Klas, *Do private prisons save 7 percent as required by law? Legislature doesn't know but approves them anyway*, TAMPA BAY TIMES (Apr. 12, 2017), https://www.tampabay.com/do-private-prisons-save-7-percent-as-required-by-law-legislature-doesnt/2320154/.

[2] This 2015 lawsuit is not part of the pleadings, and the facts related to it do not resolve the issues presented in Defendants' motion. Nevertheless, because it is capable of judicial notice—though Defendants do not ask the Court to take judicial notice—and because Defendants misstate some of the facts pertaining to this lawsuit, Plaintiff includes a brief rebuttal to Defendants' facts.

a year after it was filed. (Doc. 63 PageID 809). Some defendants were dismissed on an order granting a motion to dismiss, but Dr. Solarzano stipulated to dismissal of the lawsuit on November 27, 2017, resulting in the order of dismissal Defendants reference in their motion. (*Id.*).

Later, FDC moved Phillips from Mayo C.I. to Franklin Correctional Institution, where he continued to receive inadequate incontinence supplies. *See, e.g.*, Plaintiff's First Amended Complaint (FAC) ¶ 29 (Doc. 25). At Franklin C.I., prison staff denied Phillips bathroom or shower passes and, after he wrote grievances complaining about the denial, certain staff even perforated the few diapers he received so that urine and feces would run down his legs. On March 10, 2018, Phillips, through counsel, filed a second lawsuit against then-Secretary of FDC, Mark Inch, and several correctional officers and medical staff. FAC ¶ 35; *Phillips v. Inch et al.*, Case No. 4:18-cv-00139-AW-MJF (N.D. Fla.) ("FLND Action").

A few months after the lawsuit was filed in the FLND Action, FDC moved Phillips to the Northwest Florida Reception Center (NWFRC). Around that time, Phillips warned FDC staff that he was seeing symptoms of tissue infection. FAC ¶ 30. In August he was diagnosed with cellulitis, a dangerous tissue infection that can quickly lead to gangrene, bone and blood infection, septic shock, loss of limbs, or death. *Id.* at ¶¶ 30–34.   In that action, Phillips won a preliminary injunction in which the Court required FDC to provide Phillips with "five diapers a day (as needed, barrier cream, antiseptic soap, medical wipes, and replenish the same as they run out, and bathroom and shower passes." *Id.* at ¶ 36.

3

On January 1, 2020—almost two years after suing—, Plaintiff was permitted by the District Court in the FLND Action to file a Third Amended Complaint, the operative complaint through the end of the case, and pertained to claims through December 2019 only. *Id.* ¶ 41. All of the claims in this suit occurred after that date.

## II.   MEMORANDUM OF LAW

### A. Legal Standard Under Rule 12(c).

Rule 12(c) provides "a means of disposing of cases when ... a judgment on the merits can be achieved by focusing on the content of the *competing* pleadings. . . ." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.2004)) (emphasis added). When only a single pleading has been filed, "'competing pleadings" do not exist, so a motion for judgment on the pleadings is not appropriate. *Id.* (citation omitted). Rule 12(c) incorporates this principle by permitting motions for judgment on the pleadings only after the pleadings have "closed." Fed.R.Civ.P. 12(c).[3]

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted. *Powers v. Sec'y, U.S. Homeland Sec.*, 846 F. App'x 754, 757 (11th Cir. 2021) (citing *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir.

---

[3] The pleadings are not closed as to Defendant Ricky D. Dixon, who filed a motion to dismiss. [D.E. 40]. Therefore, the motion for judgment on the pleadings—at least as to Dixon—should be denied without regard to the merits of Defendants' motion. *Perez*, 774 F.3d at 1336.

4

2002)). A court accepts all facts in the complaint as true and views them in the light most favorable to the plaintiff. *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001). The pleadings considered by the court on a motion for judgment on the pleadings include the complaint, answer, and exhibits thereto. *Grossman v. NationsBank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

Entry of a judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law. *See Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). As such, a court should enter judgment on the pleadings only "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). If comparing the allegations in the competing pleadings discloses a material dispute of fact, judgment on the pleadings must be denied. *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). "[A] judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." *Stanton*, 239 F.2d at 106.

**B. Judgment on the Pleadings is Not Appropriate.**

Relying on *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004) and its progeny—all cases that answered the questions posed here *at the summary judgment stage*—Defendants claim that they are entitled to judgment on the pleadings by: (1) invoking a settlement agreement not attached or referenced the

5

FAC; and (2) asking the Court construe the parties' intent by referencing passages of the settlement agreement in isolation without reference to other clarifying language that would preclude this relief.

### 1. The settlement agreement is not part of the pleadings.

*First*, judgment on the pleadings—for defendants who have closed the pleadings here—is not proper because Defendants ask the Court to resolve a matter outside the reach of the operative complaint. *Grossman*, 225 F.3d at 1231. In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Cunningham v. Dist. Att'y's Off. for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010); *see also Melendez v. Bank of Am. Corp.*, No. 17-cv-60542, 2018 WL 1092546, at *1 (S.D. Fla. Feb. 2, 2018) ("The Court may consider all of the pleadings, including the complaint, answer, counterclaim, and answer to the counterclaim.").

Defendants have not asked the Court to take judicial notice of the settlement agreement, and the pleadings here—Plaintiff's FAC and the Defendants' answers to it—include no attached or incorporated settlement as exhibits. *Pyure Brands, LLC v. Nascent Health Sci. LLC*, No. 1:18-cv-23357, 2019 WL 7945226, at *2 (S.D. Fla. Mar. 4, 2019) (citing Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c)). Although the Court may consider documents incorporated by reference in the FAC without converting the Rule 12(c) motion into a motion for summary judgment, *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005), Defendants do not ask the Court to

do that either and do not carry their burden as to whether the settlement is even capable of judicial notice. Even if the Court were to undertake that inquiry, the settlement agreement is not "central to the complaint" for purpose of considering it incorporated by reference. *Id.* at 1276 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002)). There is no reference to a settlement agreement in the FAC, which only references the prior FLND Action as context to explain those prior claims at other FDC institutions. *See* FAC ¶¶ 35–41. Because the settlement agreement is not attached to the FAC, or the fact of settlement even incorporated or referenced in it, Defendants rely on facts that "were not presented or contained in the pleadings" including "new exhibits" that the Court cannot consider "without converting the motion into a motion for summary judgment." *Bernath v. Seavey*, No. 2:15-cv-358-FtM-99CM, 2015 WL 13805064, at *1 (M.D. Fla. Sept. 29, 2015).

Even if the Court were to convert the motion—which Defendants do not ask the Court to do even as an alternative—judgment on the pleadings is appropriate only when "it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Reeves v. United States*, 526 F. Supp. 3d 1226, 1231 (S.D. Fla. 2021) (citation omitted); *United States v. Khan*, No. 3:17-cv-965-J-PDB, 2018 WL 6308678, at *1 (M.D. Fla. Sept. 26, 2018) ("A court must deny a motion for judgment on the pleadings if a 'comparison of the averments in the competing pleadings reveals a material dispute of fact'"), quoting *Perez*, 774 F.3d at 1335. Plaintiff argues below that it cannot.

7

### 2. The settlement terms, read together, precludes Defendants' requested relief.

*Next*, to the extent the Court converts Defendants' motion to a motion for summary judgment, *Norfolk* reasons that the Court should "attempt to effectuate the parties' intent" in the settlement. 371 F.3d at 1290. When the plain meaning of an agreement is clear, courts generally look to the contract to determine intent. *Id.* (citing Restatement (Second) of Contracts ch. 9, introductory note (1981) ("Where the parties have adopted a writing as the final expression of all or part of their agreement, interpretation focuses on the writing, and its terms may supersede other manifestations of intention."); *Monahan v. Comm'r*, 321 F.3d 1063, 1068 (11th Cir.2003) ("If the agreement is found to be free of ambiguity, its meaning can be declared by the court without the use of extrinsic evidence.").

To adduce the parties' intent, Defendants argue that the plain language of the contract should govern without extrinsic evidence. (Doc. 63 PageID 814–15). They argue FDC's intent was "merely to avoid litigation and buy their peace" in exchange for payment. (*Id.* PageID 814) (citing Doc. 63-1 PageID 823). Defendants then argue that the intent was to release *all* claims Plaintiff had at the time of signing—possibly precluding some claims that are at issue in this lawsuit but were never raised (nor could be raised after the pleadings closed in the FLND Action)—, not just those that were "growing out of the events and injuries that were at issue in [the FLND Action]." (*Id.*). But Defendants fail to include a *clarifying* term in the settlement agreement, which states that the understanding by the parties was that the

"Settlement, and the consideration for it extends to all claims asserted or which could have been asserted by [Phillips] against Defendant in Case No. 4:18-cv-139-AW-MJF, United States District Court for the Northern District of Florida." (Doc. 63-1 PageID 823). That language refutes and negates Defendant's overly broad reading of the release to preclude claims that may have accrued at the time the parties' signed the settlement agreement but were not—and could not be brought—in the FLND Action. *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1221 (11th Cir. 2015) ("Terms and phrases cannot be viewed in isolation ...."); *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104 (11th Cir. 2014) ("Traditional contract-interpretation principles make contract interpretation a question of law, decided by reading the words of a contract in the context of the entire contract and construing the contract to effectuate the parties' intent.").

     When read together, Plaintiff asserts that the first and third paragraphs of the settlement preclude Defendants' theory that the settlement released every single claim that Plaintiff could have had against FDC or its staff even unrelated to the FLND Action. Plaintiff would assert that the claims brought in the FLND Action or claims that could have been brought in that case—which centered on claims through December 2019 only, before Plaintiff was transferred to a facility in the Middle District where he faced these issues—are the only claims that have been released. FAC ¶ 41. In allowing the plaintiff to proceed with suit in *Norfolk*—even without an express reservation of rights—the Eleventh Circuit determined that the release pertained to liability arising out of a narrow issue and the later suit "did not touch

9

upon these subjects" identified in the release. 371 F.3d at 1290; *Arizona v. California*, 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) ("[S]ettlements ordinarily occasion no issue preclusion … unless it is clear … that the parties intend their agreement to have such an effect.").

However, to the extent that Court finds the third paragraph creates ambiguity as to the meaning of the first, the Court should resolve competing contentions in favor of Plaintiff. *Am. K-9 Detection Servs., Inc. v. Cicero*, 100 So. 3d 236, 239 (Fla. 5th DCA 2012) (to the extent any ambiguity does exist in a contract, the ambiguity will be strictly construed against the drafter), citing *Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So.2d 1098, 1102 (Fla. 5th DCA 2006).

### C. A Stay is Not Warranted.

Defendants also ask the Court to stay this case pending a resolution of a purported breach of contract lawsuit if their motion is denied. No case has been filed to date in Leon County, Florida, (Doc. 63-1), and none of the Defendants have asserted a counterclaim for breach of contract.

Defendants have not met their burden to show that this case is barred by the prior settlement agreement (it is not), and therefore should not be permitted to engage in delay. Despite Defendants' contention that "no substantial discovery has been done" in this case (Doc. 63 PageID 818), Plaintiff has served substantial requests on each Defendant and has attempted to meet and confer on wide-ranging discovery deficiencies, which FDC has decided to delay in light of this attempt to dispose of this case at this stage. Those matters will be raised by motion.

To stay this matter or discovery pending a ruling on a dispositive motion is "generally disfavored, 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *www.TrustScience.com Inc. v. Bloom Ltd.*, No. 618CV1174ORL41DCI, 2018 WL 8368844, at *2 (M.D. Fla. Oct. 11, 2018) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997), quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)); *S.D. v. St. Johns Cnty. Sch. Dist.*, No. 3:09-CV-250-J-20TEM, 2009 WL 3231654, at *2 (M.D. Fla. Oct. 1, 2009), *amended*, No. 3:09-CV-250-J-20TEM, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009) (same; denying a motion to stay). According to the District's discovery handbook, a motion to dismiss—which is the standard under which a Rule 12(c) motion is reviewed— "[n]ormally […] will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted." Middle District Discovery (2021) § (I)(E)(4).

But Defendants are not suggesting that the Court just stay discovery—they want the Court to stay the entire case pending a separate state-law action related to the very contract Defendants want the Court to interpret. Basically, they suggest that if they cannot get the result they want *now* from *this* Court, they want to get whatever immediate relief they think is appropriate from *another* court. To justify that patently absurd notion, Defendants rely on the narrow caselaw for staying patent cases pending *inter partes* review before the U.S. Patent and Trademark Office.

(*See, e.g.*, Doc. 63 PageID 817–18) (citing *Baxa Corp. v. Forhealth Techs., Inc.,* No. 6:06-CV-0353-ORL-19J, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006)). Those cases do not apply because there is no state-court review board for contract interpretation akin to the PTO's *inter partes* review. There is no body of law—and Defendants cite none—that would seemingly impel this Court to do what Defendants ask. Their alternative request must be denied.

### III.  CONCLUSION

For the reasons stated above, Plaintiff asks the Court to deny Defendants' motion for judgment on the pleadings or to stay. (Doc. 63).

Dated: March 6, 2023.

                                                  Respectfully submitted,

                                                  LAW OFFICE OF JAMES COOK

                                                  By: */s/ James V. Cook*
                                                         James V. Cook (FBN 0966843)
                                                         314 W. Jefferson Street
                                                         Tallahassee, Florida 32301
                                                         Tel. (850) 222-8080
                                                         Fax (850) 561-0836
                                                         cookjv@gmail.com

                                                                   -and-

                                                  SLATER LEGAL PLLC

                                                  By: */s/ James M. Slater*
                                                         James M. Slater (FBN 111779)
                                                         113 S. Monroe Street
                                                         Tallahassee, Florida 32302
                                                         Tel: (305) 523-9023
                                                         james@slater.legal

                                                 *Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on March 6, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ James M. Slater*
James M. Slater
