UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendant.

Case No. 3:22-cv-997-BJD-LLL

**PLAINTIFF'S *OPPOSED* MOTION TO SHORTEN DEFENDANT DIXON'S DEADLINE TO RESPOND TO DISCOVERY REQUESTS**

In early August, Plaintiff Donny Phillips told his counsel about threats and physical violence he received as an elderly impaired prisoner at Suwannee Correctional Institution. Late last week—after the preliminary injunction briefing closed (Docs. 74, 76, 82)—Defendant Dixon transferred Mr. Phillips to Columbia Correctional Institution Annex—which is not one of the Department's specialized wound-care facilities. Although Mr. Phillips was briefly held (but not treated) in transit at Reception and Medical Center (RMC)—*an authorized wound-care facility*—he is now located at another facility that is not dedicated to treating open wounds. The Department's response to Mr. Phillips's counsel's inquiry on this matter, is that Mr. Phillips has been moved for his protection based on what he told his counsel earlier

this month—an event that occurred well before mediation and the filing of the preliminary injunction papers. Because of the nature and timing of the transfer now after seeking injunctive relief, Mr. Phillips has issued written discovery to Defendant Dixon to understand the contours of the Department's decision to transfer Mr. Phillips to Columbia Annex as opposed to a specialized facility that can provide proper treatment for his serious cellulitis. Given that the Department's responses to these requests would shed relevant light on Mr. Phillips's injunctive claims before the Court—namely, the Department's continued failure comply with its policies and the U.S. Constitution to treat Mr. Phillips's wounds—Mr. Phillips respectfully requests that the Court shorten Defendant Dixon's deadline to respond to the attached discovery requests and require him to respond no later than Tuesday, September 5, 2023.

## Argument

Courts are authorized to shorten the discovery response deadlines and have broad discretion to manage the timing of discovery. *See Integra Bank N.A. v. Pearlman*, 2007 WL 419634, at *3 (M.D. Fla. Feb. 2, 2007) (stating that the Federal Rules of Civil Procedure "expressly provide that a Court may shorten the time for a party to provide discovery"); *Fimab-Finaziaria Maglificio Biellese Fratelli Fila S.p.A. v. Helio Import/Export. Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983) ("Expedited discovery should be granted when

some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time."); *Gayle v. Meade*, 2020 WL 4515517, at *2 (S.D. Fla. July 13, 2020) (granting in part a motion to shorten deadline to respond to discovery requests in class action involving Covid-19 precautions in ICE facilities).

Here, as the dust settled on Mr. Phillips's preliminary injunction briefing, Defendant Dixon authorized Mr. Phillips's transfer to Columbia Annex, which is not one of the facilities with capabilities to treat Mr. Phillips's open wounds. (*See* Doc. 74-6 at 6). Mr. Phillips—who has also raised First Amendment retaliation claims in this lawsuit—seeks to explore the Department's rationale for its decision to effectuate this transfer to another high-security facility (although Mr. Phillips is a minimum-security prisoner) that cannot adequately treat Mr. Phillips's leg wounds immediately after he asked the Court to order the Department to place him in a specialized wound-care facility. Mr. Phillips asks that the Court shorten the Department's deadline to respond to the attached discovery requests so that he may supplement his preliminary injunction motion, to the extent permitted by the Court, in the event the evidence shows an improper motive by Defendant Dixon or otherwise supports Mr. Phillips's claims that the Department is failing to adequately treat Mr. Phillips's serious cellulitis.

3

## Conclusion

For these reasons, Plaintiff Donny Phillips requests that the Court grant this motion and order Defendant Dixon to respond to the attached written discovery requests no later than Tuesday, September 5, 2023.

## Local Rule 3.01(g) Certification

On August 28, 2023, the undersigned conferred with counsel for Defendant Dixon by telephone. Defendant Dixon opposes the relief requested herein.

Dated: August 28, 2023.

                                                Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

        -and-

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

*Attorneys for Plaintiff*

4