UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

vs.

RICKY DIXON, et al.,

    Defendants.

Case No. 3:22-cv-997-BJD-LLL

### PLAINTIFF'S THIRD SET OF DISCOVERY REQUESTS DIRECTED TO SECRETARY RICKY DIXON

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Donny Phillips hereby requests that Defendant Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections, within thirty days (1) provide written responses to the following Requests for Production and Admissions, (2) produce for inspection and copying the documents and things identified in the Requests for Production, and (3) answer the Interrogatories, separately and fully under oath or affirmation. Pursuant to Fed.R.Civ.P., 26(e), the Requests and Interrogatories are continuing in nature and may require supplementation.

Respectfully Submitted August 28, 2023,   /s/JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

I hereby certify that on August 28, 2023, I electronically served the foregoing document to opposing counsel via electronic mail.

By: */s/ James Cook*

## General Definitions

1. The term "person" means any individual, natural person, witness, partnership, association, firm, corporation, organization, trust, governmental or public entity, and/or any of its agents, employees, assigns or representatives.

2. The term "identify" when referring to a natural person or entity shall mean to provide the name, last known address, present or last known place of employment, and telephone number of the person or entity described in the request.

3. The term "identify" when referring to a document shall mean to provide the type of document; name or title of the document; the date; the author(s), transmitter(s), addressee(s), and recipient(s); a description of the subject matter; and the location and custodian of the document.

4. "Plaintiff" means Plaintiff Donny Phillips.

5. "Defendant," "you," "your," or "FDC," means Secretary Ricky Dixon, in his capacity as Secretary of the Florida Department of Corrections, and his employees, agents, servants, representatives, and other persons acting on his behalf.

6. "Complaint" shall refer to the operative pleading in this action.

7. "Facility" shall refer to Suwannee Correctional Institute and Annex.

8. "Policy" encompasses all your policies, training memoranda, bulletins, manuals, orders, and other documents through which you inform your staff how they should act when on duty and is to be given the broadest possible meaning.

9. The terms "concerning," "relating to," or "relate to" shall mean to make a statement about, discuss, describe, disclose, confirm, support, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain (in whole or in part) to the subject.

10. The word "and" and "or" shall be construed both disjunctively and conjunctively; "all" means "any and all"; "any" means "any and all"; "each" means "each and every"; "every" means "each and every.

11. The singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each gender.

12. The term "document" is defined to include, but is not limited to, papers, writings, drafts, notes, letters, diaries, agreements, contracts, calendars, memoranda, reports, drawings, plans, blueprints, note books, financial records, computer or other business machine records, communications sent via any electronic means, including but not limited to internet, extranet and intranet, and any attachments to such electronic communications and any other data, compilations or

written or graphic material stored in a tangible, electronic, mechanical or electric form, or any representation of any kind, including, but not limited to, materials stored on or in computer disks, networks, mainframes, hard drives, CD-ROM, tapes or other forms of memory, as well as back-up and deleted files of any computer, computer storage device or media, whether located on or off site, from which the information can be obtained, as well as any draft, nonidentical copy, and/or translation of the foregoing. A draft or non-identical copy is a separate document within the meaning of the term.

13. The term "communication device" means any device customarily used to facilitate oral and/or written communication, including, without limitation, phones, kiosks, tablets, computers, writing instruments, logbooks, or stationery.

14. The term "incontinence supplies" means diapers, pull-ups, underpads, wipes, protective skin creams, such as zinc-based or A&D ointments, cleansing foams and sprays, and other supplies used to absorb liquid or excrement, prevent leaks, and prevent skin irritation.

15. "Including" shall mean including but not limited to.

### Instructions for Requests for Production and Admissions

1. You shall identify and produce all documents that can be located or discovered through diligent effort by you, your employees, representatives, agents, attorneys, consultants or accountants. This instruction applies to all documents that are in the business or personal files of, or accessible to you or your employees, or in the possession of, or accessible to your representatives, agents, attorneys, consultants or accountants. Each document shall be produced in the form in which it is maintained in the normal course of your activities.

2. If you object to the production of any document covered by any of these Requests, in the response to the specific request that encompasses the document, state the objection, the basis for the objection and whether or not the document is being withheld because of the objection. For each document being withheld for any reason, including a claim of privilege, state the following in the response to the request encompassing the document:

    a. the reason or reasons you are withholding the document, including any privilege you claim protects the document;

    b. the facts supporting the privilege or other reason or reasons for withholding the document;

    c. the date when the document was prepared or originated;

    d. the name(s) or the person(s) who wrote or prepared the document, along with information regarding their relationship

        to the person(s);

e.     the names of each person to whom the document was addressed or copied, as well as the names of each person who may have seen the document, along with information regarding your relationship to each person;

f.     the subject matter of the document; and

g.     the name and address of each person who has personal knowledge of the subject matter of the document.

3.     If you object or otherwise refuse to respond or produce documents in response to any portion of a document request, you shall provide all documents and information called for by that portion of the request for production that you do not object to and/or to which you do not refuse to respond as follows:

    a.     If you object to a document request on the ground that it is too broad (i.e. you believe it calls for information outside the scope of permissible discovery defined by Rules 26 and 34 of the Federal Rules of Civil Procedure), you shall produce in response to that Request all documents and things that you deem within the permissible scope of discovery and identify all categories of documents being withheld;

    b.     If you object to a document request on the ground that to produce documents and things would constitute an undue burden, you shall produce as many of the requested documents and things as can be provided without undue burden;

    c.     If you object to any portion of a document request on the ground that it is vague or indefinite, then you shall set forth your understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

4.     Please produce documents responsive to individual Requests as soon as possible without waiting to produce documents responsive to other Requests.

5.     Unless another time period is specified, this request for production is addressed to the time period from <u>January 1, 2018</u> to the present, inclusive of records effective during that time period even if they were generated before it.

6.     These Requests are continuing in nature, and must be supplemented to the extent that, subsequent to responding to these Requests, you obtain additional information that renders any of your initial responses inaccurate or incomplete.

## Instructions for Interrogatories

1. In answering these interrogatories, you are required to provide all information that is available to you or within your control, including information in the possession of your attorneys, investigators, employees, or other agents.

2. Where terms are defined, interrogatories containing those defined terms cannot be properly answered unless the definitions are followed.

3. If you object to any part of an interrogatory and refuse to answer that part, state your objection and answer the remaining part. If you object to the scope or time frame of an interrogatory and refuse to answer for that scope or time frame, state your objection and answer the interrogatory for the scope or time frame you deem appropriate. If an interrogatory cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, stating any information you have concerning the unanswered portions. If your answer is qualified in any manner, set forth the details of the qualification.

4. When an interrogatory requests documents, data, knowledge, or information in your possession, that includes the knowledge of your attorneys, accountants, agents, representatives and experts, and any professional employed or retained by you relating to any of the facts or issues involved in this proceeding.

5. If you contend an interrogatory calls for disclosure of privileged information, in whole or part, or you otherwise object to part of an interrogatory, provide a complete response to the portion of the interrogatory that is not privileged or objectionable. With respect to the remainder of the interrogatory, state:

   a. the reason for such objection or ground for exclusion;

   b. the identity of each person having knowledge of the factual basis for the privilege, if any, for each document;

   c. the nature of the claim or privilege; and

   d. the brief description of the item, document, or thing in a manner so as not to waive the privilege.

6. If the response to all or part of an interrogatory is lack knowledge of some information, set forth the remaining information known to you and describe all efforts made by you, your attorneys, accountants, agents, experts, representatives or professional employed by you to obtain the information needed to respond to the interrogatory. If any approximation can reasonably be made in place of the unknown information, also set forth your best approximation, designated as such, of the unknown information, and describe the basis on which the approximation is made.

7. You are cautioned against providing boilerplate objections without a detailed basis for the objection. Such objections are improper under Rule 33(b)(4).

## DOCUMENT REQUESTS

1. All video and audio relating to the alleged assault on Plaintiff that resulted in his placement in Administrative Confinement on 8/2/2023 (with timely updates to the end of discovery).

2. All confinement paperwork, including medical reports, as to Plaintiff and the person accused of assaulting him in the event that resulted in the placement of Plaintiff in Administrative Confinement on 8/2/2023 (with timely updates to the end of discovery).

3. All incident and investigation reports, including appendices, relating to the event that resulted in the placement of Plaintiff in Administrative Confinement on 8/2/2023 (with timely updates to the end of discovery).

4. All disciplinary charge paperwork, hearing disposition reports, discipline worksheets, affidavits, and witness statements, relating to the alleged assault on Plaintiff and the event resulting in the placement in Administrative Confinement on 8/2/2023 (with timely updates to the end of discovery).

5. All records, including electronically stored information, in your possession, custody, or control, both at the institutional and central office level relating to the transfer of Plaintiff from Suwannee Annex to Columbia Annex (with timely updates to the end of discovery).

6. All records, including electronically stored information, in your possession, custody, or control, both at the institutional and central office level relating to any request for protective management by Plaintiff or any other person

relating to the event that resulted in the placement of Plaintiff in confinement on 8/2/2023 (with timely updates to the end of discovery).

      7.      All records, including electronically stored information, in your possession, custody, or control, both at the institutional and central office level documenting the internal movements of Plaintiff and of the person accused of assaulting him in the event that resulted in the placement of Plaintiff in confinement on 8/2/2023, documenting movements for the dates 7/24/23 through 8/25/23 (with timely updates to the end of discovery).

      8.      All records, including electronically stored information, in your possession, custody, or control, both at the institutional and central office level sufficient to show the criteria on which Columbia C.I. Annex was selected as the institution for Plaintiff's transfer. (with timely updates to the end of discovery).

      9.      A privilege log reflecting every otherwise responsive record withheld on the basis of any sort of privilege or claim of confidentiality that includes (1) the date of the record withheld, (2) the author, (3) the nature of the record, (4) the subject matter, (5) all recipients, and (6) the privilege asserted. It should include enough information to allow the requesting party to challenge the privilege.

/

/

/

## INTERROGATORIES

1. Please describe the decision-making process in the transfer of Plaintiff from Suwannee C.I. Annex to Columbia C.I. Annex at the institutional level and the central office level, including any consideration of transfer to a specialized Wound Program center, the names and titles of each person involved in the decisions, and each factor considered in making the decision.

2. Please describe each and every basis for objecting to Plaintiff's transfer to an FDC specialized wound care center as described in the Infection Control Program Manual, Chapter XXII, *Wound Program*.

*/s/ James Cook*

*I have read the foregoing Answers to Interrogatories and do swear they are true and correct.*

_____
FOR SECRETARY DIXON          Date

STATE OF FLORIDA
COUNTY OF _____

      BEFORE ME, on _____ (date) the undersigned authority, appeared _____ who is [ ] personally known to me or has produced _____ as personal identification, and being by me first duly sworn, states that he executed the foregoing answers to Interrogatories and that they are true and correct to the best of his knowledge and belief.

_____
NOTARY PUBLIC STATE OF FLORIDA
My Commission Expires: