## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**DONNY PHILLIPS,**

     **Plaintiff,**

**v.**                                 **Case No. 3:22-cv-997-BJD-LLL**

**RICKY DIXON, in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D.,
ELIZABETH HOLMES, BRITNNEY
CANNON, CONNIE LYNN ADAMS, SGT.
SAVONIA RICHARDSON-GRAHAM, SGT.
DEBRA ALDRIDGE, and OFCR TERESSA
FILLMORE HAWTHORNE**

     **Defendants,**

_____/

## DEFENDANT DIXON'S RESPONSE TO PLAINTIFF'S MOTION TO SHORTEN DISCOVERY RESPONSE DEADLINE

Defendant Dixon, by and through undersigned counsel and pursuant to the Court's Order [Doc. 84], hereby responds to the Plaintiff's Motion to Shorten the Deadline to Respond to Discovery [Doc. 83] and states the following in support thereof.

### A. Factual Disputes and Timing of Plaintiff's Motion

Defendant Dixon is continuing to contact the proper individuals at the Florida Department of Corrections ("FDC") to obtain affidavits to document the relevant

1

dates associated with Plaintiff's transfer to Columbia Correctional Institution Annex, the Institutional Classification Team's (ICT) processes for evaluating an inmate's need for protection, to include interviewing Plaintiff, and then forwarding its recommendation to FDC's State Classification Office. These affidavits will support Defendant Dixon's unequivocal denial regarding any retaliatory animus or indeed any reason other than Plaintiff's protection for the transfer to Columbia CI Annex.

However, Defendant Dixon suggests that the ill-timed motion [Doc. 83] filed with apparent disregard for Hurricane Idalia and the Labor Day weekend will make it impossible to respond to Plaintiff's latest discovery requests by the accelerated date of September 5, 2023. Further, Defendant Dixon sees no valid reason or indeed any "good cause" for this acceleration based on the documentary evidence already available, some of which Plaintiff is already familiar with. Regardless, for the reasons stated below, Plaintiff's motion must be denied due to failing to meet the burden of good cause. The allegations of an ulterior motive are false based on Plaintiff's own allegations that he was attacked by other inmates. The logical reason for his transfer to a different institution is for his own safety. Any conclusion to the contrary is illogical and unnecessary at this stage of litigation.

**B. Argument**

Where a scheduling order has been entered, the schedule may only be modified upon a showing of good cause. *Mount Vernon Fire Ins. Co. v. Nat'l Fire Ins.*, No. 8:07-CV-1593-T-24EAJ, 2008 U.S. Dist. LEXIS 48355, *4 (M.D. Fla. June 10, 2008) (citing Fed. R. Civ. P. 16(b)). The burden for demonstrating good cause belongs to the moving party. *Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, No. 06-61231, 2009 U.S. Dist. LEXIS 140815, at *5-6 (S.D. Fla. Jan. 26, 2009) (citing *Farnsworth v. Proctor & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). In making this determination, a Court must "insist[] on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* at *6 (citing *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Here, Plaintiff is alleging Defendant Dixon had an ulterior motive for transferring Plaintiff to Columbia Correctional Institution Annex. Specifically, Plaintiff claims this transfer was in retaliation for his Motion for Preliminary Injunctive Relief [Doc. 74] filed on August 18, 2023. In making this baseless and inflammatory argument, Plaintiff has conveniently omitted the fact that Lauren F. Strickland, who, along with Thomas Buchan, represents Defendant Dixon in this matter, was present with both Plaintiff and his attorney at Suwannee Correctional Institution Annex on August 2, 2023, to inspect the wounds and possible cellulitis on Plaintiff's right leg. *Ex. 2, Strickland Affidavit, ¶¶2-3.* Ms. Strickland was

3

introduced to the Plaintiff by Mr. Cook, and he informed his client that she represents the Department of Corrections. *Id.* During this encounter, the Plaintiff began making allegations against other inmates including, but not limited to, being choked and punched by another inmate. *Id.*, at ¶¶4-5. Plaintiff's other allegations included being kicked in the right leg and threatened with robbery by an inmate to whom Plaintiff refused to give any of his canteen items, and yet another inmate attempting to tip Plaintiff out of his wheelchair the night before the site visit. *Id.* When Mr. Cook reminded his client that Ms. Strickland represents Defendant Dixon and that he may not want to discuss matters so openly in front her, the Plaintiff stated more than once that he did not care if she heard what he had to say. *Id.*, at ¶7.

After the conclusion of the visit, prior to leaving the compound, Ms. Strickland went to the administrative offices and met with Assistant Warden Bryant Goodwin and Assistant Warden Shelly Glass. *Id.*, at ¶8. She reported the allegations Plaintiff made and was informed that they would meet with the Plaintiff regarding his allegations, but it was possible he would be placed in administrative confinement pending a thorough investigation of his allegations. As she departed from Suwannee CI Annex, she notified Plaintiff's counsel that she had reported the allegations, as well as the possibility of administrative confinement. *Id.*, at ¶9. The following day, August 3, 2023, the parties reached an impasse during mediation.

As a result of the investigation into Plaintiff's allegations, the Institutional Classification Team (SCT) at Suwannee CI recommended a Resolve Protection Transfer for the Plaintiff. *Ex. 1, McLaughlin Affidavit,* ¶¶3-6. A Resolve Protection Transfer occurs after an investigation within an institution determines that there is a potential threat to an inmate by one or more other inmates and the threat(s) can be resolved by transferring the targeted inmate (in this case, the Plaintiff) to a different institution. *Id.* Once a Resolve Transfer Protection is approved, the process to move the inmate to a new facility begins, and the target date for departure is within two (2) weeks. *Id*. On August 9, 2023, the State Classification Office (SCO) in the field approved the recommendation for Plaintiff's Resolve Protection Transfer, and he departed Suwannee CI Annex on August 23, 2023. *Id*. Upon information and belief, the Plaintiff himself requested to be transferred to another facility for protection reasons when interviewed by the ICT on or about August 9, 2023.[1]

Plaintiff's transfer was a Resolve Protection Transfer; it was <u>not</u> a medical transfer. *Id.,* at ¶¶8-7. Although it was not a medical transfer, a number of factors were taken into consideration in determining which facility Plaintiff was transferred to, including his ADA status. *Id*. Ultimately, the SCO determined that the Columbia

---

[1] The undersigned anticipates being able to procure an affidavit to support this fact. However, due to Hurricane Idalia and the need to move large parts of the inmate population to different facilities and prepare others for the storm, the individual(s) with personal knowledge of this information have been unavailable. This is further complicated by Labor Day weekend.

Correctional Institution Annex to be an appropriate facility for Plaintiff; it is ADA equipped and accessible and it has the abilities and resources for an individual with his medical grade. *Id.* The resulting transfer to Columbia CI Annex did not alter Plaintiff's status, living conditions, access to medical care, or any other aspect of his incarceration. Arguably, Plaintiff's situation has improved since he is no longer housed among the inmates he claimed were assaulting and harming him, a fact he recognized in his underlying motion [Doc. 83, pp.1-2]. Additionally, Plaintiff has not provided a scintilla of evidence, whether documentary or otherwise, in support of his conclusory and patently untrue claim regarding Defendant Dixon's retaliatory motives regarding this transfer, and therefore cannot use it to support his motion to shorten the discovery response deadline. *Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, No. 06-61231, 2009 U.S. Dist. LEXIS 140815, at \*6 (S.D. Fla. Jan. 26, 2009) (citing *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Plaintiff wants to "understand the contours of the Department's decision" to transfer Plaintiff. [Doc. 83, p.2]. The "contours" of the decision are irrelevant to the pending motion for a preliminary injunction, which is centered on Centurion's provision of medical supplies and/or treatment to Plaintiff. The only logical interpretation of this transfer, based on documentary and affidavit testimony, is that it was for Plaintiff's own protection, a fact recognized in Plaintiff's motion. [Doc. 83, pp.1-2].

Plaintiff needlessly brings this motion to shorten Defendant Dixon's discovery response time by deliberately supposing or inferring the ill-intentioned and illegal motive of retaliation. By doing so, the Plaintiff has inflicted a significant and undue burden on Defendant Dixon, particularly in light of his timing. Plaintiff's attorneys were notified on August 25, 2023, that their client was being transferred to Columbia CI Annex for a Resolve Protection Transfer. *Ex. 3, 8/25/2023 email*. The following day, Governor Ron DeSantis declared a State of Emergency for over thirty (30) counties due to a tropical system forming in the Gulf of Mexico and projected to impact the Gulf Coast of Florida as a major hurricane.

On Monday, August 28, 2023, at 3:30 PM, Mr. Cook sent Defendant Dixon a third set of discovery. *Ex. 4, 8/28/2023 Cook email*. Shortly before 4:00 PM, Mr. Slater inquired whether the undersigned would consent to respond to the discovery requests by Tuesday, September 5, 2023, and if not, what Defendant Dixon's position would be for a motion to shorten the response deadline to seven (7) days, making the response due on Tuesday, following the hurricane's projected landfall and Labor Day. *Ex. 5, 8/28/2023 Slater email*. More than two weeks after Plaintiff himself specifically requested the transfer to a different facility for his own protection, Plaintiff's counsel elected to file this motion on the eve of state, federal, and municipal closures less than 48 hours ahead of Hurricane Idalia's expected landfall.

As a result of the Court's Order [Doc. 84] to respond to this motion no later than September 1, 2023, Defendant Dixon's ability to provide a comprehensive response as the Court requires was further hampered when all state offices began closing early on Tuesday, August 29, 2023, and contact with Suwannee CI Annex was severely restricted by the necessary movement and securing of the inmate population ahead of and during the hurricane.

Discovery can be expedited when "unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *Fimab-Finaziaria Maglificio Biellese Fratelli File S.p.A. v. Helio Import / Export. Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983) (internal citation omitted). Here, there is no unusual circumstances that could prejudice Plaintiff. He complained of being attacked and, pursuant to his request, was moved to a different facility for his safety. Surely, Plaintiff would argue he was being punished had he remained at the institution where the alleged attack occurred. Plaintiff's reasoning for this motion appears fabricated to cause undue burden by shortening the response deadlines to an unreasonable extent, particularly in light of the fact that he had requested the Resolve Protection Transfer weeks earlier.

## C. Conclusion

Plaintiff has failed to demonstrate good cause for a draconian shortening of the discovery deadline, using conclusory, false, unsupported, and ill-intentioned

allegations concerning the motive for his transfer as the basis for his motion to shorten that deadline.

WHEREFORE, Defendant Dixon respectfully requests this Court to deny Plaintiff's motion to shorten the discovery deadline and allow the standard discovery response time to remain. Defendant Dixon further requests that this Court grant him until Friday, September 8, 2023, to supplement this filing with additional affidavits in support of his position.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
*/s/ Lauren Strickland*
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Tom@jsh-pa.com
Lauren@jsh-pa.com
*Attorneys for Defendants Dixon,*
*Richardson-Graham, Aldridge, and*
*Fillmore Hawthorne*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on September 1, 2023.

*/s/ Thomas Buchan*
Thomas Buchan

9