# EXHIBIT 2

# AFFIDAVIT OF LAUREN F. STRICKLAND

STATE OF FLORIDA
COUNTY OF LEON

Before me, the undersigned authority, personally appeared Lauren F. Strickland (Affiant), who, under penalty of perjury, deposes and says:

1. The facts stated in this affidavit are known to me of my own personal knowledge and if called upon to testify to the matters in this affidavit, I could and would competently do so.

2. I am an attorney with Howell, Buchan & Strong, and I am co-counsel with Thomas Buchan in this case.

3. On August 2, 2023, I joined Plaintiff's attorney, James Cook, at Suwannee Correctional Institution (SCI) to view and photograph the wounds on Plaintiff's right leg. Mr. Cook introduced me to his client and informed him that I represent the Florida Department of Corrections (FDC) in this matter.

4. While present in the room with Mr. Cook and his client, the Plaintiff began making a number of allegations against other inmates, including but not limited to being choked and punched by another inmate. Mr. Cook inspected his client's neck and began to photograph a scratch that he noticed in that area (although Plaintiff informed us that the scratch was from a different inmate than the one who choked him). The Plaintiff repeatedly stated to Mr. Cook that he wanted to press criminal charges against the inmate who had choked him; Mr. Cook explained to him that doing so was a "different process."

5. In addition to alleging that he was choked, Plaintiff also informed his attorney, in my presence, that another inmate had kicked his (Plaintiff's) right leg in the bathroom and threatened to rob Plaintiff because he (Plaintiff) refused to give the inmate any of his canteen. Plaintiff was able to identify the inmate by his bunk number and described him as a "fat, loud, light-skinned black male" when asked for a physical description by his attorney. He also reported that the night before our visit, another inmate, who was drunk, tried to tip Plaintiff out of his wheelchair. He was able to identify the inmate responsible by his bunk number

1

and in response to his attorney's request for a physical description, he described him as "skinny" "tall" and "black".

6. At no time did Plaintiff ever make an allegation or even a suggestion that he was threatened or physically assaulted because he is an "elderly and impaired" inmate.

7. Mr. Cook reminded the Plaintiff that he may not want to discuss everything he was saying in my presence, and the Plaintiff said more than once that he did not care if I heard what he had to say.

8. After the conclusion of the photo session, before leaving SCI, I stopped in the administrative offices and met with Assistant Warden Bryant Goodwin and later with Assistant Warden Shelly Glass, as well. I informed them of the allegations that Plaintiff was making about alleged threats and physical assaults occurring in his dorm. Assistant Warden Goodwin informed me that they would meet with him, but he might have to go into administrative confinement if they have to conduct an investigation.

9. After leaving the institution, I notified Plaintiff's counsel that I had spoken with the administration and explained that he may be put in administrative confinement pending investigation. Shortly after arriving back in Tallahassee, I was notified that he had in fact been placed in administrative confinement pending investigation.

10. Mediation occurred the following day, Thursday, August 3, 2023.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]


FURTHER AFFIANT SAYETH NAUGHT.

_____
Lauren F. Strickland

The foregoing instrument was sworn to and subscribed before me this __1st__ day of __September__, 2023, by Lauren F. Strickland who is _____ personally known to me OR __✓__ who has produced __ID card__ as identification.

_____
NOTARY PUBLIC

My Commission Expires:

CORTNEY CHERRY
Notary Public-State of Florida
Commission # HH 362644
My Commission Expires
February 15, 2027

3