UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

          Plaintiff,

v.

                                             Case No. 3:22-cv-997-BJD-LLL

RICKY DIXON, et al.,

          Defendants.

_____

## **ORDER**

Plaintiff, a inmate of the Florida penal system, initiated this action, with help from counsel, by filing a Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff is proceeding on an Amended Complaint (Doc. 25) against four Defendants – Ricky D. Dixon, the Secretary of the Florida Department of Corrections (FDOC); Sergeant Savonia Richardson-Graham; Sergeant Debra Aldridge; and Officer Teressa Fillmore Hawthorne.[1] *Id.* at 1.

Before the Court are Plaintiff's Motion for Preliminary Injunction (Doc. 74) and Plaintiff's Opposed Motion to Shorten Defendant Dixon's Deadline to

---

[1] Plaintiff filed a notice of voluntary dismissal of his claims against Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Alexis Figueroa; Elizabeth Holmes; Brittney Cannon; and Connie Lynn Adams; and thus, the Court dismissed those Defendants without prejudice and terminated them as parties to this case. *See* Order (Doc. 61).

Respond to Discovery Requests (Doc. 83). Defendant Dixon has responded to both motions (Docs. 76, 85). For the reasons below, Plaintiff's motions are denied.

## BACKGROUND

### a.   Amended Complaint

Six claims remain pending. *See generally* Doc. 25. The only claims at issue here are Plaintiff's First Amendment retaliation claim and his Eighth Amendment deliberate indifference claim against Defendant Dixon (Counts I and III). With respect to those claims, Plaintiff alleges as follows. He asserts he is a chronically ill, disabled inmate who suffers from partial lower-body paralysis, confining him to a wheelchair and qualifying him as a disabled individual under 42 U.S.C. § 12102(2). *Id.* at 6, 28. He states his lack of mobility results in bladder and bowel incontinence, and throughout his incarceration, prison officials at various institutions often denied him access to clean diapers, wipes, timely bathroom and shower breaks, antiseptic soap, and barrier cream. *Id.* at 7. According to Plaintiff, without frequent diaper changes and sufficient hygiene supplies, his prolonged exposure to fecal and urine bacteria causes severe cellulitis, a dangerous soft tissue infection. *Id.* at 6.

In 2018, while housed at a facility in the Northern District of Florida, Plaintiff sued, among others, then-Secretary Mark Inch for the facility's refusal to provide him with proper sanitation materials. And in April 2019, the

Northern District granted Plaintiff's request for a preliminary injunction requiring Inch, in his official capacity, to provide Plaintiff with the requested number of diapers, medical wipes, medical passes, and other hygiene products. *Id.*

Plaintiff claims that on October 15, 2020, officials transferred him to Suwannee Correctional Institution (Suwannee C.I.) and upon his arrival, officials confiscated his medications, adult pull-up diapers, and other personal sanitation products before placing him in confinement where he was forced to urinate in his clothing. *Id.* at 9. Suwannee C.I. officials eventually agreed to provide Plaintiff with one diaper a day, but Plaintiff advised he needed three to five diapers each day and their refusal to provide more compelled Plaintiff to sit in wet and soiled diapers for hours at a time. *Id.* at 10. He also contends Suwannee C.I. officials refused to replace his FDOC-issued mobility boots, and failed to provide an impaired-inmate assistant or renew his bathroom and shower passes. *Id.* at 10-11. Plaintiff alleges Defendant Dixon and his subordinates were aware of Plaintiff's need for these medical accommodations but chose not to provide them. *Id.* at 11. Instead, according to Plaintiff, every time he complained to Suwannee C.I. staff about being denied reasonable accommodations, they harassed, threatened, and retaliated against him.

Plaintiff claims Dixon, in his official capacity as Secretary of the FDOC, acted deliberately indifferent to Plaintiff's serious medical needs by failing to

address Suwannee C.I.'s intentional denial of adequate medical care, violating his rights under the Eighth Amendment. *Id.* at 25-27. Plaintiff also claims he wrote grievances complaining about the abusive treatment he experienced at Suwannee C.I., and Dixon and his subordinates responded with retaliatory measures, violating his rights under the First Amendment. *Id.* at 22.

b.      *Plaintiff's Motion for Preliminary Injunction*

On August 18, 2023, Plaintiff filed a Motion for Preliminary Injunction in which he alleges his reoccurring cellulitis has severely deteriorated and he fears if he is not treated appropriately, "he may lose his lower right leg from the open and untreated infection . . . ." Doc. 74 at 1. Plaintiff requests that the Court issue an injunction ordering Dixon to ensure Suwannee C.I. officials immediately (1) provide Plaintiff with at least 5 "pull up" adult diapers per day; (2) provide Plaintiff with at least 80 medical wipes per week; (3) provide Plaintiff with at least 8 ounces of barrier creams (skin protectants) per week; (4) provide Plaintiff with antiseptic soap (Dial or Hibiclens); (5) provide Plaintiff with a medical pass for bathroom use; (6) provide Plaintiff with a medical pass for shower use; (7) resupply Plaintiff with high-topped therapeutic boots; and (8) transfer Plaintiff to one of the FDOC's designated specialized wound-care facilities for cellulitis treatment. *Id.* at 24-25.

Dixon filed a response opposing Plaintiff's Motion. *See* Doc. 76. Dixon maintains that since Plaintiff's transfer to Suwannee C.I., officials have

routinely provided him with medical supplies. *Id.* at 3-4. In support of that contention, Dixon argues Plaintiff signed relevant documentation acknowledging his receipt of those supplies, "although [Plaintiff] disputed either the quantities [he received] or [noted] some other inaccurate or self-serving comment about Dr. Alexis Figueroa, the Centurion employee and former individual defendant in this suit." *Id.* at 3-4. To that end, Dixon argues Plaintiff's request for injunctive relief "concerns purely medi[c]al issues based on medical professionals examining, evaluating, and providing medical care," and thus, the FDOC is not the proper entity from which to seek the relief he wants. *Id.* at 5.

c.    *Plaintiff's Opposed Motion to Shorten Defendant Dixon's Deadline to Respond to Discovery Requests*

Seven days after Dixon responded to Plaintiff's request for a preliminary injunction, Plaintiff filed his Opposed Motion to Shorten Defendant Dixon's Deadline to Respond to Discovery Requests. *See* Doc. 83. In that Motion, Plaintiff contends that soon after he moved for a preliminary injunction, FDOC officials briefly relocated Plaintiff to the Reception and Medical Center (RMC) before transferring him to Columbia Correctional Institution – Annex (Columbia C.I.) where he remains housed. According to Plaintiff, while Suwannee C.I. officials advised Plaintiff's counsel that the transfer was a protective measure following Plaintiff's altercation with another inmate,

Plaintiff maintains the transfer was a retaliatory response to Plaintiff's Motion for Preliminary Injunction. *Id.* at 1-2. To further that sentiment, Plaintiff submitted additional written discovery requests to Dixon about his sudden transfer. *Id.* Plaintiff now asks the Court to shorten Dixon's discovery response deadline, so Plaintiff can supplement his Motion for Preliminary Injunction "in the event the evidence shows an improper motive by Defendant Dixon or otherwise supports [Plaintiff's] claims that the Department is failing to adequately treat [his] serious cellulitis." *Id.* at 3

In response, Dixon explains Plaintiff's transfer to Columbia C.I. occurred after the Institutional Classification Team and other Suwannee C.I. authorities approved a Resolve Protection Transfer. Doc. 85 at 4. Notably, on August 2, 2023, counsel for both Plaintiff and Dixon met with Plaintiff at Suwannee C.I. "to inspect [Plaintiff's] wounds and possible cellulitis on [his] right leg." *Id.* at 3. During the encounter, Plaintiff informed the attorneys that other inmates were physically abusing him, and one inmate kicked him in the right leg before threatening to steal his canteen items. *Id.* at 4. Following the meeting, Dixon's counsel immediately notified Suwannee C.I. officials who then investigated Plaintiff's abuse allegations and moved him into administrative confinement for protection. *Id.* at 5. With his response, Dixon attaches an affidavit from Lauren F. Strickland, co-counsel for Dixon, who was present at the August 2, 2023, meeting with Plaintiff. *See* Doc. 85-2.

According to Dixon, prison officials "determined Columbia [C.I.] to be the appropriate facility for Plaintiff [because] it is ADA equipped and accessible and it has the abilities and resources for an individual with his medical grade." Doc. 85 at 5-6. In support of that assertion, Dixon provides an affidavit from Rusty McLaughlin, the FDOC's Bureau Chief of Classification Management, who states Plaintiff was transferred out of Suwannee C.I. due to a potential inmate threat. Doc. 85-1 at 2. He also explained that after considering Plaintiff's medical condition, officials determined Columbia C.I. to be an appropriate facility for his transfer. *Id.* at 2-3. As such, Dixon asserts Plaintiff's transfer was not retaliatory, and thus he argues Plaintiff's request to shorten the discovery deadline, so he can supplement his Motion for Preliminary Injunction should be denied.

## **DISCUSSION**

Because Plaintiff's request to shorten Dixon's discovery response deadline depends on the viability of his request for a preliminary injunction, the Court addresses that Motion first. To obtain a preliminary injunction, a party must demonstrate that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Wreal, LLC v. Amazon.com, Inc.*, 840

F.3d 1244, 1247 (11th Cir. 2016). A preliminary injunction is not granted as a matter of right and is an "extraordinary and drastic" remedy. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

The Eleventh Circuit has held that "[p]risoners' claims for injunctive or declaratory relief regarding prison conditions generally become moot when the prisoner transfers to another prison." *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 476 (11th Cir. 2015) (citation omitted) (holding that the prisoner's claims for injunctive relief were rendered moot by the prisoner's transfer to another prison.).[2] "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' and, as a result, once the prisoner has been [transferred or] released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011).

There is a narrow exception to the doctrine of mootness when a challenged action is capable of being repeated and evades review, but this

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

exception applies only when: "(1) there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (internal quotation marks omitted).

Here, the Court need not reach the merits of Plaintiff's request for a preliminary injunction because it is now moot: he seeks injunctive relief against Dixon to solely ensure officials at Suwannee C.I. provide additional medical supplies at that facility, but he is now housed at Columbia C.I. *See Sims v. Sec'y, Fla. Dep't of Corr.*, No. 21-13222, 2023 WL 193761, at *2 (11th Cir. 2023) (finding a request for injunctive relief against Secretary of the FDOC moot because the plaintiff's claims only applied to conditions at a specific jail where he was no longer incarcerated rather than a challenge to a statewide FDOC policy).

Plaintiff argues officials transferred him to Columbia C.I. in retaliation for seeking a preliminary injunction, which suggests he is seeking to overcome the mootness doctrine by implying the deprivations are capable of being repeated yet evading review. But the record shows officials transferred him as a protective measure following an inmate assault, and they moved Plaintiff to Columbia C.I. after thoughtfully considering Plaintiff's medical status and the

ADA compliant features, capabilities, and resources available at Columbia C.I.
*See* Doc. 85-1 at 2-3. There is no indication that he is experiencing the same
deprivations at Columbia C.I. as he was at Suwannee C.I. The remote
possibility that a reduction in Plaintiff's hygiene supplies and care may recur
at Columbia C.I. is not enough to overcome mootness. *See Soliman v. United
States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2018). Indeed, Plaintiff
concedes that before his transfer to Suwannee C.I., he was receiving an
adequate quantity of medical supplies. Doc. 74 at 8.

Thus, because Plaintiff has been transferred out of Suwannee C.I. and
he has not shown that the challenged conduct falls within the narrow exception
to the mootness doctrine, his request for a preliminary injunction is due to be
denied as moot. *See Owens*, 602 F. App'x at 477 (citing *Wahl v. McIver*, 773
F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claims for injunctive and
declaratory relief in § 1983 action failed to present case or controversy once
inmate has been transferred). In reaching this decision, the Court does not
express or imply a particular disposition as to the merits of the issues Plaintiff
raises, nor does it contemplate Plaintiff's ability to renew his request about
conditions he may experience at Columbia C.I. Finally, because Plaintiff's
Motion for Preliminary Injunction is due to be denied as moot, the Court denies
Plaintiff's request to shorten Defendant Dixon's discovery response deadline.

Accordingly, it is

**ORDERED:**

1.      Plaintiff's Motion for Preliminary Injunction (Doc. 74) is **DENIED**

**without prejudice**.

2.      Plaintiff's Opposed Motion to Shorten Defendant Dixon's Deadline

to Respond to Discovery Requests (Doc. 83) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of

September, 2023.


_____
BRIAN J. DAVIS
United States District Judge


Jax-7

C:      counsel of record