UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DONNY PHILLIPS,**

    Plaintiff,

v.                                             Case No. 3:22-CV-997-BJD-LLL

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., ELIZABETH HOLMES, BRITNNEY CANNON, CONNIE LYNN ADAMS, SGT. SAVONIA RICHARDSON-GRAHAM, SGT. DEBRA ALDRIDGE and OFCR TERESSA FILLMORE HAWTHORNE**

    Defendants.
_____/

## DEFENDANT RICKY DIXON'S SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT COUNT IV

Defendant RICKY DIXON, by and through undersigned counsel and in compliance with the Court's Order [Doc. 80], hereby responds to Plaintiff's Amended Complaint [Doc. 25] Count IV, stating the following:

1

## Count IV – Violation of ADA/RA (against Secretary Dixon)

Common Allegations of Fact are admitted, denied, or without knowledge as previously stated in Defendant Dixon's Answer and Affirmative Defenses [Doc. 39].

126. Denied.

127. Admitted the cited section exists, denied as to its applicability in this case.

128. Without knowledge as to the precise cause of Plaintiff's health issues; Defendant is without knowledge and unable to state whether Plaintiff is disabled or not due to no time frame being identified in this allegation in addition to this requiring a medical opinion. To the extent construed as wrongdoing or a violation by Defendant Dixon, denied.

129. Defendant is without knowledge and unable to state whether Plaintiff was a "qualified individual" or not due to no time frame being identified in this allegation in addition to this requiring a medical opinion. To the extent construed as wrongdoing or a violation by Defendant Dixon, denied.

130. Denied.

131. Admitted.

132. Admitted.

Case 3:22-cv-00997-BJD-LLL   Document 90   Filed 09/12/23   Page 3 of 4 PageID 1223

133. Admitted Defendant Dixon has the ability to act within the course and scope of his position; denied that there was discrimination present or that there was a failure to adequately respond.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

141. Denied.

## AFFIRMATIVE DEFENSES

Defendant Dixon incorporates the Affirmative Defenses raised in his prior Answer and Affirmative Defenses [Doc. 39].

Wherefore, Defendant demands judgment in his favor and against the Plaintiff, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan, Esq.
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Tom@jsh-pa.com
*Attorney for Defendant Dixon, Richardson-Graham, Aldridge, and Hawthorne*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on September 12, 2023.

*/s/ Thomas Buchan*
Thomas Buchan, Esq.