UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,
v.                                                       Case No. 3:22-cv-997-BJD-LLL

RICKY DIXON, *et al.*,

    Defendants.
_____/

## JOINT MOTION TO EXTEND DISCOVERY DEADLINE

The Parties, pursuant to Rule 16(b)(4), Florida Rules of Civil Procedure, Defendants, hereby request the Court give its consent and extend the discovery deadline through December 15, 2023, and thereby the dispositive and *Daubert* motion deadline to January 5, 2024, and state the following in support thereof:

    1.    The November 30, 2022, Case Management and Scheduling Order [Doc. 37] set the discovery deadline for October 27, 2023.

    2.    The parties have participated in ongoing discovery, including issuing and responding to written discovery requests and have taken the depositions of Plaintiff, Defendant Richardson, and witness Brittney Cannon, with other witnesses scheduled and the Florida Department of Corrections' (FDC) Rule 30(b)(6) representatives to be rescheduled.

1

3. Depositions are being scheduled for Plaintiff's experts, and Defendants Aldridge and Hawthorne.

4. Currently, Defendants are in the process of responding to Plaintiff's second, third, and fourth discovery requests issued on August 18, August 28, and September 8, respectively. A portion of those requests were issued with respect to Plaintiff's motion for preliminary injunction and related to the issues underlying Plaintiff's transfer from Suwannee C.I. to Columbia C.I. [*See, e.g.*, Doc. 83].

5. Defendants have already responded to the interrogatories and admissions contained in those discovery sets and an initial batch of documents for the second request for production.

6. Defense counsel is continuing to follow up with the appropriate individuals at FDC at the institutional and central office level to complete the production to Plaintiff.

7. Due in part to work flow issues, the number of FDC individuals which must be contacted, and the volume of records involved, the requests and production have taken defense counsel longer than expected, but the Parties are working in good faith to work through this. The parties have rescheduled FDC's Rule 30(b)(6) deposition in an effort to resolve the documentary discovery issues in advance of the designees' depositions.

8. Extending the discovery deadline will allow the parties to conduct proper, well-informed depositions and potentially avoid a motion to compel production of some records, which defense counsel is actively working to request and produce.

9. Counsel for the Parties have conferred and jointly bring this motion for a mutually beneficial extension to the discovery deadline, with corresponding extension to the dispositive and *Daubert* deadlines.

10. This deadline extension should not affect the remaining deadlines and litigation schedule.

## MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the

court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Here the parties have acted diligently, issuing several rounds of discovery requests and undertaking depositions. Given the recent attention to Plaintiff's motion for preliminary injunction and the issues underlying Plaintiff's transfer, the parties have expanded the immediate scope of discovery and therefore did not immediately anticipate the need to engage in additional discovery on some of the issues that are now present in the case. Accordingly, because the parties here have acted diligently in pursuing their rights, good cause exists to grant this motion.

WHEREFORE, the Parties request a discovery deadline through December 15, 2023, and thereby the dispositive and *Daubert* motion deadline to January 5, 2024.

Respectfully submitted,

/s/ James M. Slater
James M. Slater
Florida Bar No. 111779
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

   -and-

/s/ James V. Cook
James V. Cook
Florida Bar No. 0966843
Law Office of James Cook

/s/ Thomas Buchan
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Tom@jsh-pa.com
*Attorneys for Defendants*

4

314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836

*Attorneys for Plaintiff*

## LOCAL RULE 3.01(g) CERTIFICATION

The parties have conferred and agree with the requested relief.

                              */s/ Thomas Buchan*
                              Thomas Buchan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on October 13, 2023.

                              */s/ Thomas Buchan*
                              Thomas Buchan