## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**DONNY PHILLIPS,**

     **Plaintiff,**

**v.**                                      **Case No. 3:22-cv-997-BJD-LLL**

**RICKY DIXON, in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA, LLC,
MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D.,
ELIZABETH HOLMES, BRITTNEY CANNON,
CONNIE LYNN ADAMS, SGT. SAVONIA
RICHARDSON-GRAHAM, SGT. DEBRA
ALDRIDGE, and OFCR. TERESSA FILLMORE
HAWTHORNE,**

     **Defendants.**

_____/

### DEFENDANT DIXON'S RESPONSE TO PLAINTIFF'S
### FIRST REQUEST FOR PRODUCTION

Defendant Dixon hereby responds to the Plaintiff's First Request for

Production, pursuant to Rule 34, Federal Rules of Civil Procedure, as follows:

1.     All communications in your possession, custody, or control relating to

the matter sued upon between you and any witness listed in your Rule 26(a)(1)(A)(i)

disclosures.

1

**Response:** We requested an email search for all communications from Defendant Dixon as the sender, with Plaintiff identified by name as either "Donny Phillips, DC #789552," "Phillips, Donny," "Inmate Donny Phillips," or "D. Phillips" in the "Subject" line. However, we limited this search to October 15, 2020, when Plaintiff arrived at Suwannee Correctional Institution (CI) Annex, through November 17, 2022, when Plaintiff filed his Amended Complaint. These dates encompass the allegations made in the complaint and lodged solely against Suwannee CI Annex staff and contract medical providers at that institution only.

Several attempts using these search parameters revealed that no such communications exist from Defendant Dixon to any other individual as described in this interrogatory.

2.    All records, including electronically stored information, in your possession, custody, or control, that you may use to dispute Plaintiff's claims or support your defenses.

**Response:** Defendants have not yet identified documents for these purposes. However, when they have been identified and requested, we will produce them as they become available.

3.    All records listed in your Rule 26(a)(1)(A)(ii) disclosures.

**Response:** The following documents will be produced:

- A copy of Plaintiff's unredacted classification file will be produced.

2

- A copy of Plaintiff's medical file will be produced.

Although Defendants cited the following in their initial disclosures—"FDOC classification files for any inmates who are named or referred to in Plaintiff Donny Phillips's Complaint that are in Defendants' possession," Defendant Dixon has found that he cannot produce the classification files for the only inmate named in this Complaint, Carl Johnson, unless Plaintiff can identify inmate Carl Johnson by his DC number. There are approximately 20 inmates with that identical name.

Defendant Dixon does not have copies of any records relating to Case 4:18-cv-139 other than those identified on the Court's docket, and which are already in Plaintiff's counsel's possession, who brought this suit.

4.     All public records requests made by you or on your behalf relating to Plaintiff or the facts in the Complaint, and all responses made by the person or entity from whom the records were requested.

**Response:** None.

5.     All incident and investigation reports and appendices relating to any formal or informal grievances or appeals by Plaintiff from January 1, 2020, to present.

**Response:** All incident reports and investigation reports associated with each of Plaintiff's informal and formal grievances and any administrative appeals have

3

been requested for the period between October 15, 2020, and November 17, 2022, and will be produced.

6.      All video and audio recordings and photos relating to any formal or informal grievances or appeals by Plaintiff from January 1, 2020, to present.

**Response:** None.

7.      Any transcripts of audio or video recordings relating to any formal or informal grievances or appeals by Plaintiff from January 1, 2020, to present.

**Response:** None.

8.      All incident reports, investigation reports, or communications relating to any grievances or complaints against the individual defendants in this case.

**Response:** If Plaintiff filed any grievances against any of the individually named defendants in this case, the incident reports, investigation reports, and related communications related to those grievances will be produced if they exist.

9.      Plaintiff's complete classification files, including his DC-14.

**Response:** See response to Request 3.

10.     All grievance logs showing Plaintiff's grievances from January 1, 2020, to present.

**Response:** Copies of the grievance logs showing all grievances Plaintiff filed from October 15, 2020, through November 17, 2022, will be produced.

4

11.    All of Plaintiff's medical and mental health records from January 1, 2018, to present.

**Response:** See response to Request 3.

12.    All of Plaintiff's Daily Records of Special Housing from January 1, 2020, to present.

**Response:** Copies of Special Housing Logs from October 15, 2020, to the date these documents were requested are available in Plaintiff's classification file, which is being produced.

13.    All personnel records for the individual defendants, including records relating to or concerning disciplinary and corrective actions taken against any of the individual defendants.

**Response:** Redacted personnel files for the individual defendants Richardson, Aldridge, and Hawthorne have been requested and will be produced.

14.    All training records for the individual defendants.

**Response:** Training records and documents related to training are included in the personnel files, which will be produced.

15.    All records relating to the facts in the Complaint that have been otherwise provided to you whether based on public records requests or not.

**Response:** See the various responses to the requests identified herein.

16.    All records supporting any affirmative defense raised by you.

5

**Response:** See the various responses to the requests identified herein.

17.    All records, exhibits, graphs, displays, charts, computer printouts, recordings and photographs which you may use at any stage of this proceeding (noting the continuing duty to produce).

**Response:** All such records will be produced, if they exist as described, when they are duly identified for use in this litigation.

18.    All documents, including without limitation any models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, communications, notes, letters, text messages, direct messages, SMS messages, internet or social media posts, and e-mails, not privileged, relating to any of the facts identified in the Complaint.

**Response:** See response to Request 17.

19.    All records, including models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, and communications, including e-mails, relating to a fact or issue in this controversy.

**Response:** Redundant. See Request 17.

20.     All communications with any of the named defendants in this lawsuit relating to the matter sued upon or facts identified in the Complaint, including texts and other e-mails.

**Response:** See response to Request 1.

21.     All communications with any of the named defendants in this lawsuit related to Plaintiff that were made, whether orally or in writing, from January 1, 2020, through present, including texts and e-mails.

**Response:** Redundant. See Request 20.

22.     All photographs or video or audio recordings relating to the matter sued upon or any other facts identified in the Complaint, including clips or photos taken by or downloaded to cell phones or other devices.

**Response:** Redundant. See Requests 17, 18, and 19. No such clips or photos taken via cellphone regarding this Complaint exist in the possession of any of the individual defendants.

23.     Your policies, manuals, and guidelines in effect in 2020-2022 concerning Americans with Disabilities Act of 1990 (ADA) compliance and disability accommodation.

**Response:** These policies, manuals, and guidelines have been requested, and will be produced upon receipt.

24.   Your policies, manuals, and guidelines in effect in 2020-2022 concerning treatment of cellulitis.

**Response:** A copy of the Office of Health Services Infections Control Manual will be produced.

25.   Your policies, manuals, and guidelines in effect in 2020-2022 concerning treatment of tissue, bone, and blood infections or sepsis.

**Response:** See response to Request 24.

26.   Your policies, manuals, and guidelines in effect in 2020-2022 regarding the provision of incontinence supplies.

**Response**: These documents, if they exist as described, are produced by Centurion, and must be requested from Centurion.

27.   All records relating to purchases and inventories of (a) adult diapers; (b) barrier creams; (c) antiseptic soap; (d) medical wipes, at the Facility for 2020 through 2022.

**Response**: See response to Request 26.

28.   All records or documents supporting any responses to Plaintiff's Requests for Admissions directed to you where the statement is not unequivocally admitted.

**Response**: See all documents either produced in response to these requests contained herein or requested by Defendant Dixon for future production.

8

29.     All records or documents not privileged that you created as a result of any events alleged or identified in the Complaint, including but not limited to, letters, memos, logs, forms, reports, and transcripts.

**Response:** No additional documents have been created.

30.     Training lesson materials, including videos and links to online materials, relating to providing inmates access to medical care and, as to disabled inmates, access to reasonable accommodations, prevention of retaliation, the use of humiliation as retaliation, and other forms of constitutional abuse, including First Amendment abuse.

**Response:** Orientation materials provided to inmates and disabled inmates upon their initial reception and each time they are transferred to a different institution addressing both access to medical care and reasonable accommodations will be provided. No such materials exist regarding the other topics in this interrogatory.

31.     Policy records relating to providing inmates access to medical care and, as to disabled inmates, access to reasonable accommodations, prevention of retaliation, the use of humiliation as retaliation, and other forms of constitutional abuse, including First Amendment abuse.

**Response:** No such "policy records" exist.

32.     Post orders applicable to the individual defendants.

**Response:** Copies of any post orders describing the various posts the individual defendants worked in from October 15, 2020, through November 17, 2022, have been requested and will be produced.

33.    Duty rosters at the Facility for all shifts: October 15, 2020, October 25, 2020, October 29, 2020, November 5, 2020, November 11, 2020, August 7, 2021, March 9, 2021, May 7, 2021, May 12, 2021, May 13, 2021.

**Response:** Duty rosters at the Facility for the shifts identified have been requested and will be produced upon receipt.

34.    Dormitory logs for Plaintiff's dormitory for the dates in Request No. 33.

**Response:** Copies of the dormitory logs for the dates identified in Request 33 have been requested and will be produced upon receipt.

35.    Any and all reports you made concerning Plaintiff's infection(s), including all infectious disease outbreak reports and worksheets.

**Response:** None.

36.    Any and all reports in your possession, custody, or control concerning Plaintiff's infection(s), including for cellulitis.

**Response:** If any such reports exist, they will be found in Plaintiff's medical file, already being produced.

37.     All documents related to cellulitis infections at the Facility between January 1, 2020, to present.

**Response:** If they exist, these documents are created and maintained by Centurion, and must be requested from Centurion directly.

38.     All nonprivileged communications with any person not employed or formerly employed or contracted at the Facility concerning Plaintiff.

**Response:** See response to Request 1.

39.     Documents sufficient to show the number of pull-up diapers issued at the Facility in 2020, 2021, and 2022, including the number each recipient received per day.

**Response:** If such documents as described exist, they are created and maintained by Centurion, and must be requested from Centurion directly.

40.     All documents and communications between January 1, 2020, to present between your personnel at the Facility and any other person relating in whole or in part to requests for pull-up diapers, use of pull-up diapers at the Facility, and issuance of pull-up diapers to inmates.

**Response:** None.

41.     All documents and communications between January 1, 2020, to present between your personnel at the Facility and any other person relating in whole or in part to bladder or bowel incontinence.

**Response:** None.

42.    Documents sufficient to show the following with respect to each prisoner diagnosed with bladder or bowel incontinence: (a) the identity of the patient suffering from bladder or bowel incontinence; (b) the date of diagnosis of bowel or bladder incontinence; (c) the course of treatment of bladder or bowel incontinence; and (d) all medical personnel involved in the treatment of bladder or bowel incontinence.

**Response:** Objection. This request is not only overbroad and unduly burdensome, but it also is in violation of HIPAA as it relates to other inmates. Such information regarding other inmates is also not likely to lead to any admissible evidence regarding Plaintiff. Finally, such statistics regarding inmates diagnosed with incontinence or any other specific ailments, particularly as a means to identify them, are not kept in any form.

43.    All documents and communications between January 1, 2020, to present between your personnel at the Facility and any other person relating in whole or in part to cellulitis.

**Response:** None.

44.    Documents sufficient to show the following with respect to each prisoner diagnosed with cellulitis: (a) the identity of the patient suffering from

12

cellulitis; (b) the date of diagnosis of cellulitis; (c) the course of treatment of cellulitis; and (d) all medical personnel involved in the treatment of cellulitis.

**Response:** See response to Request 42.

45.    All documents or communications with the Medical Defendants concerning the settlement agreement in the matter of *Disability Rights Florida, Inc.*, Case No. 2019-CA-2825, Second Judicial Circuit in and for Leon County, Florida, dated November 8, 2021.

**Response:** None.

46.    All documents or communications with the Medical Defendants concerning ADA inmate mobility needs.

**Response:** None.

47.    All documents and communications with the Medical Defendants concerning any changes to policy or practice for ADA inmates concerning, relating to, arising from, or in connection with the settlement agreement or lawsuit referenced above in Request No. 45.

**Response:** None.

48.    All communications relating to Plaintiff's informal and formal grievances and appeals from January 1, 2020, to present.

**Response:** None.

49.    All of Plaintiff's DC4-706 Health Services Profile forms.

**Response:** These documents are filed in Plaintiff's medical file, which is being produced.

50.    All communications and documents concerning Plaintiff's DC4-706 forms.

**Response:** None.

51.    All communications with ADA coordinators or personnel staffed by you or your contractors or agents concerning or relating to Plaintiff.

**Response:** None.

52.    All documents generated or relied upon by ADA coordinators in completing any DC4-706 forms for Plaintiff.

**Response:** None. The ADA coordinators have nothing to do with the DC4-706 form, which is strictly a medical form prepared by Centurion medical staff.

53.    All documents relating to any assessments or determinations taken concerning Plaintiff in connection with the specific procedures outlined in Procedure 403.011.

**Response:** Any assessments or determinations involving Plaintiff in connection with Impaired Inmate Assistants as outlined in Procedure 403.011 are exclusively performed by Centurion, and any documents relied upon are medical documents, in addition to Plaintiff's medical file, under the control of Centurion, and must be requested directly from Centurion.

14

54.    All documents relied upon in making any determinations or assessments regarding ADA accommodations or compliance with Procedure 403.011.

**Response:** Procedure 403.011, Impaired Inmate Assistants, is not a reasonable accommodation but a medical decision made by Centurion staff, who review an inmate's medical records to determine if an assistant is warranted. Thus, there are no records to be produced.

55.    A privilege log that includes (1) the date of the record withheld, (2) the author, (3) the nature of the record, (4) the subject matter, (5) all recipients, and (6) the privilege asserted. It should include enough information to allow the requesting party to challenge the privilege.

**Response:** None**.**

56.    A disposition of records form for any responsive documents that were destroyed.

**Response:** No relevant records have been destroyed.

Respectfully submitted,

/s/ *Thomas Buchan*

Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Tom@jsh-pa.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via electronic mail to James V. Cook at cookjv@gmail.com, and James M. Slater at james@slater.legal on January 13, 2023.

/s/ *Thomas Buchan*
Thomas Buchan

16