### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**DONNY PHILLIPS,**

  **Plaintiff,**

**v.**                                            **Case No. 3:22-cv-997-BJD-LLL**

**RICKY DIXON, in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D.,
ELIZABETH HOLMES, BRITTNEY CANNON,
CONNIE LYNN ADAMS, SGT. SAVONIA
RICHARDSON-GRAHAM, SGT. DEBRA
ALDRIDGE, and OFCR, TERESSA FILLMORE
HAWTHORNE,**

  **Defendants.**
_____/

### DEFENDANT DIXON'S RESPONSE TO
### PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Defendant Ricky Dixon hereby responds to Plaintiff's Second Request for

Production, pursuant to Rule 34, Federal Rules of Civil Procedure, as follows:

1.      All communications in your possession, custody, or control, including

electronically stored information, including writings, e-mails, recordings, or notes

on monitored communications, between Plaintiff and any person, from January 1,

2020 to the present (with timely updates to the end of discovery in this case).

1

**Response:**  See attached response to No. 1 for Plaintiff's JPay email and call records.

2.      All records, including electronically stored information, in your possession, custody, or control, of communications or notes or reports of communications, with any person, including inmates or prison staff or medical staff, who you may use as a witness in this case either in motions or at trial (with timely updates to the end of discovery in this case).

**Response:** Objection to the extent this request seeks privileged information. Defendant cannot anticipate all exhibits which may be used in motions or at trial at this time. All trial exhibits will be timely disclosed as required and in accordance with the Court's scheduling order.

3.      All records, including electronically stored information, in your possession, custody, or control, of communications or notes or reports of communications, or any other records which you may seek to use at trial to challenge Plaintiff's credibility or the credibility of his witnesses (with timely updates to the end of discovery in this case).

**Response:**  All trial exhibits will be timely disclosed as required and in accordance with the Court's scheduling order.

4.      All records, including electronically stored information, in your possession, custody, or control, of communications and notes and reports of communications, or any other records, including Plaintiff's inmate accounts and canteen purchases, or other records, which you may seek to use in motions or at trial,

2

to challenge Plaintiff's credibility, or that of his witnesses (with timely updates to the end of discovery in this case).

> **Response:** Defendant cannot anticipate all exhibits which may be used in motions or at trial at this time. All trial exhibits will be timely disclosed as required and in accordance with the Court's scheduling order.

5.      All handbooks, guides, instructions, and handouts, or written materials of any kind that are provided to impaired inmates to orient them to the accommodations available and the means to access them.

> **Response:** Undersigned counsel is continuing to request responsive materials, if any exist, and will supplement as necessary upon receipt.

6.      A copy of the job description for each individual at Suwannee CI whose job involves, in whole or in part, working on issues relating to ADA inmates and the accommodation of disabilities.

> **Response:** Objection as to being overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. If Plaintiff can identify precise individuals relevant to this action, job descriptions will be provided for individuals employed by FDC. Defendants have already provided personnel files for Defendants Richardson, Aldridge, and Hawthorne.

7.      All training materials used from 1/1/2020 to the present to train staff who implement the protocols for the specialized Wound Care programs.

> **Response:** Defendant believes the Health Services Bulletins previously provided in response to Plaintiff's second and fourth sets of interrogatories may be responsive to this request. Undersigned counsel is continuing to request responsive materials, if any exist, and will supplement as necessary upon receipt.

8.    All audio and video recordings relating to any fact or issue in this case.

**Response:**  See response to No. 1 for Plaintiff's calls.

9.    Plaintiff's classification file for 2022 through 2023.

**Response:** See attached.

10.    Plaintiff's grievances for 2022 through 2023.

**Response:** Undersigned counsel is continuing to request responsive materials, if any exist, and will supplement as necessary upon receipt. Please also see the response to No. 9 which includes grievances within this time frame.

11.    All documents showing the weekly provision of diapers and sanitation supplies to Plaintiff from 1/1/2020 to the present.

**Response:** These can be found in Plaintiff's medical records.

12.    As to the "Wound Program" document (Exhibit A) for 2020-present:

    a.  Wound data collected, tracked and trended for report and presentation at the Statewide Quality Management Meeting as required by Part II-B-2 of Exhibit A;

    b.  Materials used in the "wound prevention and wound care education and training for staff" as provided in Part II-C-2 of Exhibit A;

    c.  All "recommendations for wound care protocols and wound program" as provided in Part II-C-3 of Exhibit A;

    d.  A blank copy of the Monthly Wound Report, DC4-810, and copies of DC4-810 reports for Plaintiff;

    e.  All DC4-701 and DC4-714A biweekly records evaluating the progress of wound healing for Plaintiff as required by Part II-D-3 of Exhibit A;

    f.   All Braden Scale form (DC4-732) evaluations filled out for Plaintiff as required by Part III-A-1-a of Exhibit A;

    g.   All "Wound Evaluation and Treatment Record" and "Pain Management" sections relating to Plaintiff on form DC4-684 and DC4-701A required by Part III-A-2-a and e of Exhibit A;

    h.   All "Wound Treatment Documentation" required by Part III-A-3-a-d of Exhibit A;

    i.   All "Outpatient Wound Evaluation/Treatment" encounters documented on form DC4-811 for Plaintiff per Part III-C, Exhibit A[;]

    j.   Any notification by the Suwannee Chief Health Officer/Medical Director to the Regional Medical Director relating to Plaintiff and any of the criteria listed in Part IV-C of Exhibit A.

**Response:** Objection to subparts (a), (b), (c) as to relevance and being overly broad. Responsive documents for parts (d), (e), (f), (g), (h), (i), and (j) may be found in Plaintiff's medical records. Undersigned counsel is continuing to request responsive materials, if any exist outside of the above indicated files, and will supplement as necessary upon receipt.

13.    All records relating to the placement of Plaintiff in a non-ADA bunk.

**Response:** These can be found in Plaintiff's medical file.

14.    All records relating to the assault on Plaintiff by the inmate who resided in Bed 132, in J-1 Dorm on 7-31-2023, which Plaintiff reported and was subsequently placed in administrative confinement under investigation, including the identity of the inmate, all incident and investigation reports[.]

**Response:** Undersigned counsel is continuing to request responsive materials, if any exist, and will supplement as necessary upon receipt. See also response

to No. 9, Plaintiff's updated classification file, which contains responsive documents.

15.     Updates of Plaintiff's first discovery requests to Defendants.

**Response:** These will be updated as necessary as indicated in the response to the first request for production.

16.     A privilege log reflecting every otherwise responsive record withheld on the basis of any sort of privilege or claim of confidentiality that includes (1) the date of the record withheld, (2) the author, (3) the nature of the record, (4) the subject matter, (5) all recipients, and (6) the privilege asserted. It should include enough information to allow the requesting party to challenge the privilege.

**Response:** None at this time.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon,*
*Richardson-Graham, Aldridge, and*
*Hawthorne*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served

on Plaintiff's counsel via email on October 6, 2023.

_/s/ Thomas Buchan_
Thomas Buchan

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**DONNY PHILLIPS,**

     **Plaintiff,**

**v.**                           **Case No. 3:22-cv-997-BJD-LLL**

**RICKY DIXON, in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D.,
ELIZABETH HOLMES, BRITTNEY CANNON,
CONNIE LYNN ADAMS, SGT. SAVONIA
RICHARDSON-GRAHAM, SGT. DEBRA
ALDRIDGE, and OFCR, TERESSA FILLMORE
HAWTHORNE,**

     **Defendants.**

_____/

## DEFENDANT DIXON'S RESPONSE TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Ricky Dixon hereby responds to Plaintiff's Second Set of

Interrogatories, pursuant to Rule 33, Federal Rules of Civil Procedure, as follows:

     1.     Please identify and describe each and every benefit, service, program,

and activity that would normally be available to inmates with mobility impairments

and incontinence of bladder and bowel at Suwannee C.I. and Annex and the methods

by which they can be requested.

1

**Response:** All inmates have access to the inmate request system. This process involves the same form at every institution for an inmate to request anything. The form is submitted through institutional mail and institutional staff will respond. Every inmate goes through an orientation process when they arrive at an institution which includes details of this mail process for the inmate to submit an inmate request, sick call, grievance, outgoing mail to family, etc.

2.    Please identify and describe each and every physical or mental condition or diagnosis that is considered to constitute a disability that Plaintiff is deemed to now have or has ever been deemed to have during his current incarceration and for each such condition or diagnosis, please identify the physician(s) who diagnosed the condition(s), identify each physician(s) with whom he treated for each condition(s), and identify each physician(s) who classified him as "disabled" (to the extent physicians determine that classification).

**Response:** Objection as to relevance of time periods outside of the current litigation as Plaintiff's Amended Complaint focuses on the time since his October 15, 2020, transfer to Suwannee C.I., which he states "form[s] the basis for this new action." Doc. 25, ¶ 41.

Notwithstanding the objection, all of the requested information can be found in Plaintiff's medical file.

3.    Please identify every instance in which Plaintiff was denied access to the following items or services and for each identified instance, include the item or service he was denied, the reason for the denial of the item or service, the identity of the individual who ordered or caused the denial, the date, time and location of the denial, and the identity of each individual who was consulted with or informed of the decision to deny or limit the item or service:

2

a. Means of communication;

b. Bathroom and/or shower passes;

c. Wheelchair;

d. Impaired inmate assistant;

e. Medications;

f. Sanitation supplies;

g. Therapeutic boots.

**Response:** Objection as to relevance of time periods outside of the current litigation as Plaintiff's Amended Complaint focuses on the time since his October 15, 2020, transfer to Suwannee C.I., which he states "form[s] the basis for this new action." Doc. 25, ¶ 41.

Notwithstanding the objection, all of the requested information can be found in Plaintiff's medical file.

4.     Please identify every expert you have consulted on this lawsuit for any reason and include whether you expect to call them at trial.

**Response:** None at this time.

5.     Please describe in detail the factors involved in the decision to discontinue Plaintiff's status as an ADA inmate, identify the persons involved in making that decision, and the ways in which the change in status affects Plaintiff.

**Response:** As to discontinuing his ADA status, Plaintiff should refer to his medical file which would indicate the physicians who determined his medical grades.

The people involved in this medical grade decision are Plaintiff's physicians handling the individualized assessment at that time. The individuals at the

3

Plaintiff's institution include an impaired inmate nurse who is responsible for coordinating and training assistance. This individual also chairs the quarterly disabled inmate meetings which provide inmates an opportunity to appear and discuss their incarceration as it relates to their specific needs.

Classification staff at the institution will receive a DC4706 health services profile form, which informs them of the inmate's medical grade determined by the physician. There is an indicator on the form when there is a change in grade. Management will review to ensure there is not a conflict with that inmate's ability to be housed at that institution. If there is, the inmate will be transferred to an appropriate institution.

Central office staff typically only get involved when there is a profile conflict due to the changed grade of an inmate which will result in the inmate being transferred to an appropriate institution.

See Health Services Bulletin 15.03.25 for an overview for inmates with disabilities or impairments. See also Health Services Bulletins 150325.01, 15.03.25.02, and 15.03.25.03 regarding auditory, mobility, and vision, respectively. *(Previously produced)*

Changes in an inmate's health grade are purely the result of the physician, who is employed by Centurion.

4

## VERIFICATION AFFIDAVIT

Signature of Person Attesting to the Truthfulness of Interrogatories: _[signature]_

Print Name: Paula Foskey

STATE OF FLORIDA, COUNTY OF: _Leon_

    The foregoing was acknowledged before me this _3rd_ day of _October_, _2023_, who is personally known to me _✓_ or has produced _____ as identification.

Notary Public State of Florida
Condelia B Ward
My Commission GG 969345
Expires 03/15/2024

_Condelia B. Ward_
NOTARY PUBLIC

My Commission Expires: _3/15/2024_

5

Respectfully submitted,

 /s/ Thomas Buchan
Thomas Buchan
Florida Bar No.  1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850)  877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon,*
*Richardson-Graham, Aldridge,  and*
*Hawthorne*

## CERTIFICATE OF SERVICE

I hereby  certify  that  a true  and  correct  copy  of the  foregoing  has  been  served

via  email  to  Plaintiffs  counsel  James  Cook  at  cookjv@gmail.com  and  James  Slater

at  james@slater.legal  on  October 3, 2023.

/s/ Thomas  Buchan
Thomas  Buchan