UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

v.                                                                            Case No. 3:22-cv-997-BJD-LLL

RICKY DIXON, in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D.,
ELIZABETH HOLMES, BRITTNEY CANNON,
CONNIE LYNN ADAMS, SGT. SAVONIA
RICHARDSON-GRAHAM, SGT. DEBRA
ALDRIDGE, and OFCR, TERESSA FILLMORE
HAWTHORNE,

    Defendants.
_____/

## DEFENDANT DIXON'S RESPONSE TO
## PLAINTIFF'S FOURTH SET OF INTERROGATORIES

Defendant Ricky Dixon hereby responds to Plaintiff's Fourth Set of Interrogatories, pursuant to Rule 33, Federal Rules of Civil Procedure, as follows:

1.    Please describe in detail each and every basis for objecting to the list of sanitation supplies requested in Plaintiff's Motion for Preliminary Injunction (ECF 74), as well as the therapeutic boots and bathroom and shower passes.

**Response:** FDC does not arbitrarily object to providing sanitation supplies such as diapers, barrier creams, antiseptic soaps, and sanitary wipes. Rather, FDC complies with providing supplies in accordance with orders of

1

physicians (employed by Centurion) as to what Plaintiff does and does not need. As to supplies like soap and toilet paper, there are specified times where these are distributed to inmates in quantities they are allowed to have.

2. Please state all reasons for discontinuing the provision to Plaintiff of the original set of sanitation supplies called for in the Preliminary Injunction issued in *Phillips v. Inch*, Case No. 4:18cv139-MW-CAS, ECF 198, or reducing them in type, amount, or number, declining to provide him with pull-up diapers, and the reasons for declining to re-issue passes for bathroom and shower access, high-topped therapeutic boots, from 1/1/2020 to the present.

> **Response:** Objection as to relevance of time periods outside of the current litigation as Plaintiff's Amended Complaint focuses on the time since his October 15, 2020, transfer to Suwannee C.I., which he states "form[s] the basis for this new action." Doc. 25, ¶ 41.
>
> As to the relevant time period, this interrogatory is phrased with false assumptions. The determination of a need for pull-up diapers, bathroom passes, shower access, and high-topped therapeutic boots is made by a physician employed by Centurion. FDC then adheres to providing the supplies as ordered by those physicians.

3. Please describe in detail the various FDC classifications of ADA inmates, the current process for classifying inmates, what the classification means in a practical sense, and identify each person involved in the process of classifying Plaintiff in his current and prior ADA classification and each person who can testify to any fact relating to the decision to change Plaintiff's ADA classification and the substance of any anticipated testimony material to the classification changes,

including any change in his bathroom and shower pass status and his wheelchair and impaired inmate assistant assignment status.

> **Response:** See Health Services Bulletin 15.03.25 for an overview for inmates with disabilities or impairments. See also Health Services Bulletins 15.03.25.01, 15.03.25.02, and 15.03.25.03 regarding auditory, mobility, and vision, respectively. *(Attached)*

4. Please describe in detail the FDC process for wound care, including the monitoring of infections and the application of the wound care program (see Exhibit 2, FDC Wound Care Program document) to Plaintiff, identifying each person involved in Plaintiff's wound care, and identify each person involved in the decision whether to send Plaintiff to a specialized wound care facility.

> **Response:** Please see my response to the third set of interrogatories, Nos. 1-2, for the current details of provision of wound care. Any additional information is contained in the Wound Program Plaintiff attached to the interrogatories.

5. Please describe in detail each noted occurrence or recurrence of cellulitis symptoms that Plaintiff has experienced since 2018, giving the date the occurrence or recurrence was noted, the treatment that was ordered, and how the treatment was carried out, the identity of persons who treated Plaintiff for the condition, and the date that the cellulitis was deemed to be under control.

> **Response:** Objection as to relevance of time periods outside of the current litigation as Plaintiff's Amended Complaint focuses on the time since his October 15, 2020, transfer to Suwannee C.I., which he states "form[s] the basis for this new action." Doc. 25, ¶ 41.

Notwithstanding the objection, all of the requested information can be found in Plaintiff's medical file.

## VERIFICATION AFFIDAVIT

Signature of Person Attesting to the Truthfulness of Interrogatories: _Paula Foskey_

Print Name: Paula Foskey

STATE OF FLORIDA, COUNTY OF: __Leon__

The foregoing was acknowledged before me this 25th day of September, 2023, who is personally known to me ✓ or has produced _____ as identification.

_Condelia B Ward_
NOTARY PUBLIC

Notary Public State of Florida
Condelia B Ward
My Commission GG 969345
Expires 03/15/2024

My Commission Expires: 3/15/2024

5

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon, Richardson-Graham, Aldridge, and Hawthorne*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties' counsel on September 46, 2023.

*/s/Thomas Buchan*
Thomas Buchan