## SETTLEMENT AGREEMENT AND RELEASE

I. **PARTIES:** This *Settlement Agreement and Release* ("Agreement") is entered into, effective as of the date of execution hereof, by Donny Phillips, as RELEASOR in favor of Centurion of Florida, LLC and all related entities defined below as RELEASEE as set forth herein.

   a. **RELEASOR:** This Agreement is executed, entered, and agreed to by the below-named RELEASOR, Donny Phillips (DC # 789552).

   b. **RELEASEE:** This agreement is executed, entered, and agreed to in favor of the RELEASEE and all of their attorneys, employees, predecessors, successors, assigns, agents, independent contractors, representatives, associates, divisions, affiliates, subsidiaries, co-subsidiaries, parent companies, insurers, Beazley PLC, Beazley Insurance Company, Inc., Beazley USA Services, Inc, and Scottsdale Insurance Company, and Nationwide Mutual Insurance Company and their subsidiaries, related companies and present and former directors, members, officers, and shareholders. This Agreement does not apply to any named co-defendant other than those Releasor has agreed to dismiss with prejudice as part of this Agreement.

II. **RELEASED CLAIMS:** This Agreement is entered into to resolve and settle finally all claims that were or could have been asserted against RELEASEE in the lawsuit styled *Donny Phillips v. Mark Inch* Case Number 4:18-cv-139-AW-MJF, in the United States District Court for the Northern District of Florida (the "Lawsuit").

III. **AGREEMENT AND CONSIDERATION:** In consideration of the sum of $20,000.00 payable **to James V. Cook Trust Account**, on behalf of RELEASOR, Releasor hereby finally, fully, and forever release and discharge RELEASEE of and from all liabilities, claims, demands, damages, costs, attorney's fees, expenses, compensation, related to, arising from, the RELEASED CLAIMS. RELEASOR expressly agrees that he will not institute, maintain, prosecute, or otherwise pursue any lawsuit or other proceeding against RELEASEE relating to the released claims and that he will deliver an executed Joint Stipulation of Dismissal with Prejudice to dismiss the Lawsuit within 10 days after receiving payment. Further, RELEASOR agrees that he will provide payment instructions and a W-9 at least 10 days prior to payment.

RELEASOR understands and agrees that, to the extent any of the RELEASED CLAIMS are made against or implicate the care provided by a licensed healthcare provider or providers ("provider"), no part of the consideration provided for by this Agreement is paid on any provider's behalf. This is because RELEASOR has agreed to dismiss and release all claims against any provider with prejudice and without any consideration for such claims. This includes, but is not limited to Nurse Linda Cort.

IV. **PAYMENT, ADEQUACY, AND SUFFICIENCY OF CONSIDERATION:** RELEASOR acknowledges the adequacy and sufficiency of that consideration.

1

V. **NO ADMISSION OF LIABILITY:** This Agreement shall not be construed as an admission of any liability on the part of RELEASEE. This Agreement represents an accord and satisfaction and compromise of the RELEASED CLAIMS, the liability therefore and the nature, extent, and amount of damages and other relief therefore are disputed and uncertain. It is understood and agreed that this Agreement is entered into, and the payment of the consideration stated herein is made, solely for the purpose of avoiding the expense and inconvenience of litigation over the RELEASED CLAIMS.

VI. **REPRESENTATIONS AND WARRANTIES — CAPACITY; OWNERSHIP OF CLAIMS; ABSENCE OF THIRD-PARTY LIENS OR CLAIMS; INDEMNITY; TAXES:**

  A. **CAPACITY:** RELEASOR represents and warrants he is the sole individual potentially entitled to assert claims at law, in equity, or otherwise, in connection with the RELEASED CLAIMS.

  B. **OWNERSHIP:** RELEASOR represents and warrants that he has not, individually or collectively, assigned or transferred, and has not purported to have assigned or transferred, to any entity or person, any claim, debt, liability, demand, obligation, cost, expense, action, or cause of action hereby released. RELEASOR represents and warrants that he is aware of no liens of any sort that exist or may potentially exist that relate to or concern the RELEASED CLAIMS. In the event any such liens exist, RELEASOR represents and warrants that the full satisfaction of said liens is the sole responsibility of RELEASOR.

  C. **INDEMNITY:** RELEASOR agrees to indemnify, defend, and hold harmless RELEASEE against any and all past, present, and future claim, debt, lien, liability, demand, obligation, cost, expense, arising from the claims in *Donny Phillips v. Mark Inch* Case Number 4:18-cv-139-AW-MJF.

  RELEASOR agrees to fully satisfy and indemnify, defend and hold harmless RELEASEE against any and all past, present, and future rights of any other person or entity on behalf of Medicare, Medicaid or other entity, including penalties, liens, conditional payments, demands, arising out of the Medicare Secondary Payer Statute, alleging that its interests were not considered in this settlement.

  D. **TAXES:** RELEASOR acknowledges that he is responsible for the payment of all taxes, if any, that may be due based on his receipt of the consideration set forth herein and that RELEASEE and their attorneys make no representation to RELEASOR concerning the tax consequences of his receipt of the consideration set forth herein.

VII. **INTEGRATION:** This Agreement constitutes a single, integrated contract expressing the entire understanding between RELEASOR and RELEASEE with respect to the subject matter hereof, superseding all prior and contemporaneous negotiations, discussions,

2

communications, contracts, and agreements, whether written or oral, and whether preliminary or otherwise, all of which are terminated and merged herein. This Agreement may not be amended or modified except in a writing executed by RELEASOR and RELEASEE. Waiver of the preceding no-oral-modification provision may only be accomplished in a writing executed by RELEASOR and RELEASEE.

VIII. **COMPETENCY, ADVICE OF COUNSEL, AND VOLITION**: RELEASOR is of sound mind and body and fully competent to execute this Agreement. RELEASOR has read this Agreement, and to his satisfaction has had the opportunity to seek legal counsel before entering into it. RELEASOR has fully discussed all terms, conditions and consequences of this Agreement with legal counsel, and has freely and without reservation relied upon the advice of counsel in entering into this Agreement. RELEASOR therefore completely understands and voluntarily accepts all the terms, conditions and consequences of this Agreement, and RELEASOR enters this Agreement of his own volition. RELEASOR is unaware of any ground to challenge this Agreement.

IX. **CONFIDENTIALITY**: Releasor will not discuss, publish, or disclose the fact of this Agreement, the details hereof, or the fact that he has received any payment or consideration in connection with the Released Claims, except as necessary in order to consult with attorneys or tax advisors, or to comply with legal process. Otherwise Releasor will reply to inquiries by stating that the matter has been resolved. RELEASOR acknowledges that confidentiality is a material condition of this Agreement and that RELEASEE would not have tendered the consideration stated herein and entered this Agreement without Releasor's promise of confidentiality.

SO AGREED, as demonstrated by RELEASOR'S signature below.

Date: 2/9/22

_____
Donny Phillips

STATE OF FLORIDA
COUNTY OF Suwannee

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the said county and state, on this 9 day of February 2022, within my jurisdiction, the within named Donny Phillips who acknowledged under oath to me that he executed the above and foregoing instrument for the purposes therein stated.

_____
Notary Public
My Commission Expires: 05/05/2025

Rebecca J. Grillo
Notary Public
State of Florida
Comm# HH126850
Expires 5/5/2025

3