UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

        Plaintiff,

v.

                                    Case No. 3:22-cv-997-BJD-LLL

RICKY DIXON, et al.,

        Defendants.

_____

## ORDER

Plaintiff, an inmate of the Florida penal system, with help from counsel, proceeds on an Amended Civil Rights Complaint (Doc. 25) against Ricky D. Dixon, Sergeant Savonia Richardson-Graham, Sergeant Debra Aldridge, and Officer Teressa Fillmore Hawthorne for their alleged failure to treat Plaintiff's serious medical needs.[1] Before the Court is Plaintiff's First Motion to Compel Defendant Dixon to Produce Documents and Provide Better Answers to Discovery Requests (Doc. 94; Motion). In the Motion, Plaintiff generally argues Dixon's discovery responses improperly referenced large masses of documents, had objections based on vague "privileges," evaded his duty to accommodate

---

[1] Plaintiff filed a notice of voluntary dismissal of his claims against the "Medical Defendants" – Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Alexis Figueroa; Elizabeth Holmes; Brittney Cannon; and Connie Lynn Adams. Thus, the Court dismissed those Defendants without prejudice and terminated them as parties to this case. *See* Order (Doc. 61).

disabilities, answered only part of a request, provided records instead of written responses, and applied an improper timeframe for the claims. *Id.* at 17-21. Dixon filed a response (Doc. 98; Response) to the Motion. The Court address each specific discovery request in turn:

### *Plaintiff's First Discovery Requests (Doc. 94 at 3-8)*

a.  <u>Request for Production 13</u>. Plaintiff asks that Dixon provide an unredacted copy of all personnel records for the individual Defendants because he seeks the "[c]ontact information for the individual defendants' personal references." *Id.* at 3. Dixon objects to this request, arguing Plaintiff is seeking this information to contact these references and discuss Defendants; however, that basis is irrelevant to the issues here. Doc. 98 at 11. The Court finds this requested information is irrelevant to the issues in this case. Thus, the Motion is **denied** as to this request.

b.  <u>Request for Production 14</u>. Plaintiff argues that the individual Defendants' personnel files that Dixon provided do not contain the requested training logs. Doc. 94 at 3. Dixon responds that the personnel files do contain training logs, but if Plaintiff is asking for training records on "how to treat disabled inmates," no such records exist. For the reasons Dixon provides, the Motion is **denied** as to this request.

c.  <u>Request for Production 32</u>. Plaintiff requests Dixon to produce "Post Orders 1, 9, and 10." Doc. 94 at 4. Dixon responds that he has produced

to Plaintiff's counsel "Post Orders 1, 9, and 10." Doc. 98 at 13. Thus, the Motion is **denied as moot** regarding this request.

  d. <u>Request for Production 34</u>. Plaintiff requests Dixon to produce the dormitory logs for October 15, 25, and 29 of 2020; November 5 and 11 of 2020; August 7, 2021; March 9, 2021; and May 7, 12, and 13 of 2021. Doc. 94 at 4, Doc. 94-1 at 10. Dixon responds that he will follow up with the proper officials at Suwannee Correctional Institution (Suwannee C.I.) to produce these logs for the requested dates. But he explains these documents may have been destroyed under the Florida Department of Corrections' (FDOC) retention schedule; and if they have been destroyed, he will produce the applicable records retention schedule and the page documenting the destruction of these records. Considering Dixon's concession, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the applicable documents as described in his Response**.

  e. <u>Request for Production 37</u>. Plaintiff requests Dixon to provide all documents related to cellulitis infections at Suwannee C.I. between January 1, 2020, and November 17, 2022. Doc. 94 at 4. According to Plaintiff, any information containing names of specific inmates "can be produced with identifiers redacted consistent with the requirements of HIPAA rules." *Id.* Dixon responds that he will follow up with the proper staff at Suwannee C.I. to verify the existence of documents regarding cellulitis occurrences for the

3

designated timeframe and will produce those documents if they exist. Doc. 98 at 14-15. But Dixon states he will not produce medical files of other individual inmates. *Id.* at 15.

In light of Plaintiff's concession to redactions, Dixon's objections are overruled. The Motion to compel a better response to this request is **granted to the extent that Dixon must provide the documents responsive to this request, as limited by Plaintiff's agreement that Dixon may redact identifying information of other inmates**.

f.  Request for Production 39. Plaintiff requests Dixon to provide documents sufficient to show the number of pull-up diapers issued at Suwannee C.I. in 2020, 2021, and 2022, including the number each individual received per day. Doc. 94 at 5. According to Plaintiff, any information containing names of specific inmates "can be produced with identifiers redacted consistent with the requirements of HIPAA rules." *Id.* Dixon responds that he will follow up with the proper staff to verify that the documents containing general numbers are produced, but maintains any documents related to individual inmates will not be produced. Resp. Ex. 98 at 15.

In light of Plaintiff's concession to redactions, Dixon's objections are overruled. The Motion to compel a better response to this request is **granted to the extent that Dixon must provide the documents responsive to**

**this request, as limited by Plaintiff's agreement that Dixon may redact identifying information of other inmates**.

  g.  <u>Request for Production 40</u>. Plaintiff requests the production of all documents and communications, generated between January 1, 2020, and today, between staff at "the Facility" and any other person relating to requests for pull-up diapers, use of pull-up diapers, and issuance of pull-up diapers. Doc. 94 at 5. He specifies that he is asking for information related to the procurement and distribution of these items, and any information containing names of specific inmates "can be produced with identifiers redacted consistent with the requirements of HIPAA rules." *Id.* Dixon responds that this request is overly broad and maintains his original response "absent a more precise and identifiable request." Doc. 98 at 16.

  The Court rejects Dixon's argument that this request is overly broad. Indeed, Plaintiff now specifies that he is requesting information related to the procurement and distribution of pull-up diapers between January 1, 2020, and today. As such, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the documents responsive to this request, as limited by Plaintiff's agreement that Dixon may redact identifying information of other inmates**.

  h.  <u>Request for Production 41</u>. Plaintiff requests the production of all documents and communications, generated between January 1, 2020, and

5

today, between staff at "the Facility" and any other person relating to "bladder or bowel incontinence." Doc. 94 at 5. He specifies that he is asking for "the number of inmates who are incontinent of bladder and/or bowel," and any information containing names of specific inmates "can be produced with identifiers redacted consistent with the requirements of HIPAA rules." *Id.* at 5-6. Dixon contends this request is poorly worded, and without a more precise request, he maintains no documents responsive to this request exist. Doc. 98 at 17.

The Court rejects Dixon's objection in light of Plaintiff's clarification. As such, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the documents responsive to this request, as limited by Plaintiff's agreement that Dixon may redact identifying information of other inmates**.

    i.    <u>Request for Production 42</u>. Plaintiff requests documents about each prisoner diagnosed with bladder or bowel incontinence, including: (a) the identity of the patient, (b) date of diagnosis, (c) course of treatment, and (d) all medical staff involved in treatment. Doc. 94 at 6. According to Plaintiff, Dixon can redact any identifying information; and as an alternative, he concedes that if his request in parts (a) and (b) are too "burdensome," Dixon should still produce the information requested in parts (c) and (d). *Id.*

6

Dixon maintains this request is overbroad and unduly burdensome. Doc. 98 at 18. He also argues that providing medical information about other inmates suffering from bladder or bowel incontinence is a "blatant violation of HIPAA" and irrelevant to Plaintiff's Americans with Disabilities Act (ADA) claim against Dixon. *Id.*

In light of Plaintiff's concession and alternative request for the production of only parts (c) and (d), the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the documents responsive to parts (c) and (d) of this request, as limited by Plaintiff's agreement that Dixon may redact identifying information of other inmates**.

  j. <u>Request for Production 45</u>. Plaintiff asks for all documents and communications between Dixon and the "Medical Defendants" about the November 8, 2021, settlement agreement in *Disability Rights Florida v. Jones*, No. 2019-CA-2825 (Fla. 2d Cir. Ct.). Doc. 94 at 6. Dixon repeats he has no documents responsive to this request. Doc. 98 at 19. He reminds Plaintiff that all the "Medical Defendants" named in this case were voluntarily dismissed, and Dixon was not appointed as Secretary of the FDOC until November 21, 2021. *Id.* at 19-20. Thus, according to Dixon, he would not have participated in any communications regarding that November 8, 2021, agreement. *Id.*

7

Considering Dixon's response, Plaintiff's voluntary dismissal of the "Medical Defendants" (Doc. 61), and since any settlement discussion in an unrelated case are likely confidential, the Motion is **denied** as to this request.

k.  Request for Production 47. Plaintiff requests production of all documents and communications with the "Medical Defendants" about changes to policy or practice for ADA inmates stemming from the *Jones*, No. 2019-CA-2825, settlement agreement. Doc. 94 at 7. Dixon responds that no responsive documents exist. Doc. 98 at 20. In light of Dixon's response, the Motion is **denied** as to this request.

l.  Request for Production 48. Plaintiff asks for all communications, including email messages, about his administrative grievances between January 1, 2020, and today. Doc. 94 at 7. Dixon again states he has no documents responsive to this request. Doc. 98 at 20-21. According to Dixon, when grievances are processed, officials rarely discuss any issues within the grievance and when any concerns exist, those concerns and discussions "are incorporated into the grievance response itself." *Id.* at 6. Likewise, he explains when officials send emails involving a grievance, those emails are "almost always" sent to simply transmit the grievance to the next step, and rarely, if ever, contain discussions not incorporated in the grievance response. *Id.* Considering Dixon's response, the Motion is **denied** as to this request.

8

m. <u>Request for Production 51</u>. Plaintiff asks Dixon to provide all communications between ADA coordinators or Dixon's staff, contractors, or agents, discussing or concerning Plaintiff. Doc. 94 at 7. Dixon responds that he will follow up with the proper ADA coordinators to determine when these documents will be produced and insist on a quick delivery. Doc. 98 at 21. Considering Dixon's representations, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the applicable documents as described in his Response**.

n. <u>Request for Production 53</u>. Plaintiff asks Dixon to produce all documents relating to the screening of prospective Impaired Inmate Assistants, under Procedure 403.011, for Plaintiff. Doc. 94 at 7-8. Dixon responds that assessments used to select inmates to serve as impaired inmate assistants under Procedure 403.011 are irrelevant to Plaintiff's request for an assigned Impaired Inmate Assistant. Doc. 98 at 22. But to the extent that Plaintiff requests documents regarding assessments on his status as a mobility-impaired inmate needing an assistant, he will follow up with the proper individuals regarding those relevant documents and, if records exist, ask where those documents are located. *Id.*

Considering Dixon's concession to provide documents related to the screening of Plaintiff's prospective Impaired Inmate Assistants, the Motion to compel a better response to this request is **granted to the extent that Dixon**

9

**must provide the applicable documents or notice as described in his Response**.

      o.    <u>Request for Production 54</u>. Plaintiff asks Dixon to produce all documents relied on to make determinations or assessments regarding ADA accommodations or compliance with Procedure 403.011. Doc. 94 at 8. Dixon concedes that his original response to this request was not clear and revises it: "If [medical relied on] any additional documents in assessing Plaintiff's medical condition and if he qualifies for having an [Impaired Inmate Assistant], they will be identified and produced. If there are no additional documents other than Plaintiff's medical records, Defendant will convey this to Plaintiff." Doc. 98 at 23.

Because of Dixon's revised response, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the applicable documents or notice as described in his Response**.

*Plaintiff's Second Discovery Requests (Doc. 94 at 8-13)*

      a.    <u>Request for Production 6</u>. Plaintiff seeks a copy of the job description for everyone at Suwannee C.I. whose job involves working on issues related to ADA inmates and the accommodation of disabilities. Doc. 94 at 9. Dixon responds that he is unaware of any job description for any security staff member that includes "working on issues relat[ed] to ADA inmates and the accommodation of disabilities." Doc. 98 at 24. But Dixon explains he will

10

contact Human Resources for the FDOC and ask if any Suwannee C.I. employee's position description includes those specific parameters and, if so, he will produce those documents. *Id.*

Upon consideration of Dixon's concession, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the applicable documents or notice as described in his Response**.

b.  Request for Production 12. Plaintiff requests Dixon to produce various documents about the "Wound Program" from 2020 to today. Doc. 94 at 9-10. His request has ten sections. In sections (a) through (d), he seeks wound data collected and tracked; materials used in the "wound prevention and wound care education and training for staff"; all "recommendations for wound care protocols and wound program"; and a blank copy of the Monthly Wound Report. *Id.* at 9. In response, Dixon agrees to follow up with the FDOC's Office of Health Services regarding the availability of those documents and will produce them if they are available. As such, the Motion to compel a better response is **granted to the extent that Dixon must provide the applicable documents responsive to sections (a) through (d) of this request**.

In sections (e) through (j), Plaintiff requests biweekly records evaluating the process of Plaintiff's wound healing; Braden Scale assessments for Plaintiff; Plaintiff's "Wound Evaluation and Treatment Records" and "Pain

11

Management" documents; Plaintiff's "Wound Treatment Documentation"; Plaintiff's "Outpatient Wound Evaluation/Treatment" encounters documented; and any Suwannee Chief Health Officer/Medical Director notifications about Plaintiff. Doc. 94 at 9-10. Dixon responds that all the records in sections (e) through (j) can be found in Plaintiff's medical file already provided to Plaintiff. Doc. 98 at 26. Dixon also explains that to the extent that Plaintiff argues Dixon must search through Plaintiff's medical records and find those documents specifically responsive to these requests, he asserts Plaintiff's medical records have been produced in a "single, coherent, and generally chronological file," making it more conducive and efficient for Plaintiff to find specific pages rather than Dixon. As such, because Plaintiff is already in possession of his own medical records, the Motion is **denied to the extent Plaintiff seeks to compel better answers to sections (e) through (j) of this request**.

    c.    <u>Interrogatory 1</u>. Plaintiff asks Dixon to identify and describe each "benefit, service, program, and activity that would normally be available to inmates with mobility impairments and incontinence of bladder and bowel at Suwannee C.I. [ ]" and how they can be requested. Doc. 94 at 10. Dixon responds that he changes his original response to this interrogatory and reminds Plaintiff he received documents during his transfer to Suwannee C.I. in October 2020 and Columbia C.I. in August 2023 that detail all benefits, services, programs, and activities offered at those facilities, and the means to

access those services. Doc. 98 at 10, 27. Dixon, however, explains he will also obtain copies of these orientation documents provided to Plaintiff upon each transfer to a new facility to confirm which benefits and services are provided to all inmates despite their ADA status. *Id.* at 27. Considering Dixon's changed response, the Motion is **granted** as to this request.

      d.      <u>Interrogatory 2</u>. Plaintiff asks Dixon to identify every physical and mental condition that is a disability for which Plaintiff has been diagnosed during his incarceration. Doc. 94 at 11. He also requests Dixon to identify each diagnosing doctor, each treating physician, and each doctor who declared Plaintiff "disabled." *Id.* Dixon objects to the timeframe of this request and explains that the Amended Complaint focuses on events that occurred after Plaintiff's October 15, 2020, transfer to Suwannee C.I., and all such requested information can be found in Plaintiff's medical records. Doc. 98 at 28.

      The Court agrees that all the information Plaintiff now seeks, regardless of the timeframe, is likely available in Plaintiff's medical records, which are in his possession. Thus, the Motion is **denied** as to this request.

      e.      <u>Interrogatory 5</u>. Plaintiff asks Dixon to identify the individuals involved in deciding Plaintiff's ADA status. Doc. 94 at 12-13. Dixon acknowledges that he omitted this information from his original response and clarifies that "Centurion employee and former defendant Dr. Alexis Figueroa" is the individual who evaluated Plaintiff and assigned him the appropriate

medical grade. Doc. 98 at 30. Considering Dixon's clarified response, the Motion is **granted** as to this request.

### *Plaintiff's Third Discovery Requests (Doc. 94 at 13-14)*

a.  <u>Request for Production 5</u>. Plaintiff asks Dixon to produce all records, including communications, about Plaintiff's transfer from Suwannee C.I. to Columbia C.I. Doc. 94 at 13. Plaintiff also suggests his requests for email communications were never submitted to the FDOC's IT department. *Id.* Dixon responds that he will follow up with the proper individuals to ensure all documents about Plaintiff's August 28, 2023, transfer to Columbia C.I. are produced. Doc. 98 at 31.

In light of Dixon's concession, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the applicable documents as described in his Response**.

b.  <u>Request for Production 8</u>. Plaintiff asks Dixon to produce all records showing the criteria on which officials relied in transferring Plaintiff to Columbia C.I. in August 2023. Doc. 94 at 14. Dixon responds that he will follow up with the proper individual and ask for the production of these documents as quickly as possible. Doc. 98 at 32-33. Considering Dixon's assertions, the Motion to compel a better response to this request is **granted to the extent that Dixon must provide the applicable documents as described in his Response**.

14

## *Plaintiff's Fourth Discovery Requests (Doc. 94 at 14-16)*

a.  <u>Interrogatory 2</u>. Plaintiff asks Dixon to state all the reasons for discontinuing or failing to provide Plaintiff with the amount of sanitation supplies required by the preliminary injunction issued in *Phillips v. Inch*, No. 4:18-cv-139-MW-CAS, and the reasons for declining to re-issue medical passes from January 1, 2020, to today. Doc. 94 at 14-15. Dixon objects to this request, arguing the time period of the documents requested is irrelevant to the claims in the Amended Complaint as this case "focuses on the time since [Plaintiff's] October 15, 2020, transfer to Suwannee C.I." Doc. 98 at 33. Notwithstanding this objection, Dixon states that doctors employed by Centurion decide to re-issue medical passes and all the requested information can be found in Plaintiff's medical file. *Id.*

The Court rejects Dixon's argument regarding the timeframe of the request. However, because the information Plaintiff seeks is likely in his own medical records in his possession, the Motion is **denied** as to this request.

b.  <u>Interrogatory 5</u>. Plaintiff asks Dixon to describe each occurrence or reoccurrence of cellulitis symptoms that Plaintiff experienced since 2018, including the date it occurred, the treatment, the identity of the person who treated Plaintiff, and the date that the cellulitis was declared "under control" after each treatment. Doc. 94 at 15. Dixon again argues that the timeframe of this request is outside the relevant time period at issue. Doc. 98 at 34-35. In

15

any event, Dixon explains that the requested information can be found in Plaintiff's medical file. *Id.* at 35.

Because this information is likely in Plaintiff's medical records that are already in his possession, the Motion is **denied** as to this request.

Accordingly, it is

**ORDERED:**

1.     Plaintiff's First Motion to Compel Defendant Ricky Dixon to Produce Documents and Provide Better Answers to Discovery Requests (Doc. 94) is **GRANTED IN PART AND DENIED IN PART**.

2.     Within **thirty (30) days** of this Order, Defendant Dixon must produce the documents as set forth in this Order.

3.     Defendants Motions for Summary Judgment (Docs. 99, 100, 101, 102) are **DISMISSED WITHOUT PREJUDICE**.

4.     The Court *sua sponte* extends the time for the parties to file dispositive motions to April 15, 2024. The remaining deadlines in the Amended Case Management and Scheduling Order (Doc. 93) are **VACATED**. The Court will enter a second amended Case Management and Scheduling Order by separate order reflecting new deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of February, 2024.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

C: counsel of record