UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendant.

Case No. 3:22-cv-997-BJD-LLL

**PLAINTIFF'S NOTICE OF SECRETARY DIXON'S
<u>NONCOMPLIANCE WITH COURT ORDER</u>**

On February 13, 2024, the Court issued an order on Plaintiff Donny Phillips' motion to compel Defendant Secretary Ricky Dixon to provide certain records and better responses to interrogatories. [ECF No. 103]. Specifically, the Court ordered Secretary Dixon to provide the following records no later than March 14, 2024:

**<u>First Set of Discovery Requests</u>**

- Dormitory logs, or to the extent they were destroyed, retention schedules, for several dates in response to Request for Production No. 34;

- All documents related to cellulitis infections at Suwannee C.I. for the period of January 1, 2020 through November 17, 2021, as requested in Request for Production No. 37, as limited by agreement on redactions;

- Documents sufficient to show the number of pull-up diapers issued at Suwannee C.I. in 2020, 2021, and 2022, including the number each individual received per day, as requested in Request for Production No. 39, as limited by agreement on redactions;

- All documents and communications related to the procurement and distribution of pull-up diapers between January 1, 2020 and present between staff at Suwannee C.I. an any other person, as requested in Request for Production No. 40, as limited by agreement on redactions;

- All documents and communications related to bladder and bowel incontinence between January 1, 2020 and present between staff at Suwannee C.I. and any other person, as requested in Request for Production No. 41, as limited by agreement on redactions;

- Documents about each prisoner diagnosed with bladder or bowel incontinence, including: (c) course of treatment, and (d) all medical staff involved in treatment, as specified in Request for Production No. 42, as limited by

agreement on redactions;

- All communications between ADA coordinators or Dixon's staff, contractors, or agents, discussing or concerning Plaintiff, as requested in Request for Production No. 51;

- All documents relating to the screening of prospective Impaired Inmate Assistants, under Procedure 403.011, for Plaintiff, as requested in Request for Production No. 53, or notice as described in Dixon's amended response; and

- All documents relied on to make determinations or assessments regarding ADA accommodations or compliance with Procedure 403.011, as requested in Request for Production No. 54, or notice as described in Dixon's amended response.

## Second Set of Discovery Requests

- A copy of the job description for everyone at Suwannee C.I. whose job involves working on issues related to ADA inmates and the accommodation of disabilities, or the notice described in his amended response, as requested in Request for Production No. 6 to the second set of discovery requests;

- The documents described in sections (a) through (d) in Request for Production No. 12 related to the "wound program" from 2020 to present; and

3

- Copies of the orientation documents provided to Plaintiff upon each transfer to a new facility to confirm which benefits and services are provided to all inmates despite their ADA status, as clarified in Dixon's response to Interrogatory No. 1 in Plaintiff's second set of discovery requests.

### Third Set of Discovery Requests

- All records, including communications, about Plaintiff's transfer from Suwannee C.I. to Columbia C.I., as requested in Request for Production No. 5 in Plaintiff's third set of discovery requests; and

- All records showing the criteria on which officials relied in transferring Plaintiff to Columbia C.I. in August 2023, as requested in Request for Production No. 8.

### DIXON HAS FAILED TO COMPLY WITH THE COURT ORDER

Since entry of the Order on Plaintiff's motion to compel [ECF No. 103], Secretary Dixon has made dormitory logs available to Plaintiff's counsel for in person inspection. Plaintiff's counsel James Cook traveled to Suwannee C.I. on March 12, 2024—after attempting to make earlier efforts to go to the facility but not receiving a timely response—and scanned 662 sets of dormitory logs, or almost 8,000 pages of records.

4

Two days later, on March 14, 2024, Dixon's counsel asked Plaintiff's counsel's position on an extension of time for him to comply with the Court's Order, in part due to a need to redact[1] the emails to be provided to Plaintiff. The parties did not reach an agreement, and since then Plaintiff has not received any emails—Dixon's counsel represented there were approximately 7,500 emails—and has not received any other records ordered by the Court above. Nor has Plaintiff's counsel received any further information on this matter from Dixon.

Accordingly, Plaintiff Donny Phillips provides notice to the Court that Secretary Dixon has not complied with the Court's order compelling production of records. Given that Defendants intend to refile summary judgment motions this month, Plaintiff would continue to be prejudiced by Dixon's failure to timely produce compelled records. Given the enormity of the unproduced discovery, Dixon is placing Plaintiff in the difficult position of—21 days past the Court's deadline—not being able to respond to motions that are due in two weeks.

---

[1] It should be noted that Plaintiff requested that Dixon and other defendant produce emails, to the extent practicable, in native format. [ECF No. 27 at 5]. Plaintiff is concerned that unnecessary redactions will not only delay and multiply these proceedings but result in records not produced in native format.

Plaintiff Donny Phillips requests that the Court require Secretary Dixon to show cause why he has not complied with the Court's order and to further defer the summary judgment deadline in the interim.

Dated: April 2, 2024.

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

/s/ James V. Cook
James V. Cook (FBN 0966843)
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

*Attorneys for Plaintiff*