UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendant.

Case No. 3:22-cv-997-BJD-LLL

**Plaintiff's Opposed Motion for Order to Show Cause**
**For Secretary Dixon's Failure to Comply with Court Order**

Plaintiff Donny Phillips, through his undersigned counsel, files this motion for an order to show cause, respectfully requesting that the Court require Defendant Secretary Ricky D. Dixon to show cause why he should not be sanctioned for failing to comply with this Court's February 13, 2024 Order on Plaintiff's motion to compel him to provide certain records and better responses to interrogatories. [ECF No. 103]. As grounds, Plaintiff states:

    1.    State prisoner Donny Phillips filed this lawsuit against Defendant Dixon, Secretary of the Florida Department of Corrections, for violations of Title II of the Americans with Disabilities Act of 1990 and the Eighth Amendment,

among other things. [ECF No. 25].

2. Prior to the close of discovery, Plaintiff filed a motion to compel addressing Secretary Dixon's responses and production. [ECF No. 94].

3. On February 13, 2024, the Court granted the motion to compel in part. [ECF No. 103]. Specifically, the Court ordered Secretary Dixon to provide the following records no later than March 14, 2024:

### First Set of Discovery Requests

- Dormitory logs, or to the extent they were destroyed, retention schedules, for several dates in response to Request for Production No. 34;

- All documents related to cellulitis infections at Suwannee C.I. for the period of January 1, 2020 through November 17, 2021, as requested in Request for Production No. 37, as limited by agreement on redactions;

- Documents sufficient to show the number of pull-up diapers issued at Suwannee C.I. in 2020, 2021, and 2022, including the number each individual received per day, as requested in Request for Production No. 39, as limited by agreement on redactions;

- All documents and communications related to the procurement and distribution of pull-up diapers between January 1, 2020 and present between staff at Suwannee C.I. an any other person, as requested in Request for Production No. 40, as limited by agreement on redactions;

- All documents and communications related to bladder and bowel incontinence between January 1, 2020 and present between staff at Suwannee C.I. and any other person, as requested in Request for Production No. 41, as limited by agreement on redactions;

- Documents about each prisoner diagnosed with bladder or bowel incontinence, including: (c) course of treatment, and (d) all medical staff involved in treatment, as specified in Request for Production No. 42, as limited by agreement on redactions;

- All communications between ADA coordinators or Dixon's staff, contractors, or agents, discussing or concerning Plaintiff, as requested in Request for Production No. 51;

- All documents relating to the screening of prospective Impaired Inmate Assistants, under Procedure 403.011, for Plaintiff, as

3

requested in Request for Production No. 53, or notice as described in Dixon's amended response; and

- All documents relied on to make determinations or assessments regarding ADA accommodations or compliance with Procedure 403.011, as requested in Request for Production No. 54, or notice as described in Dixon's amended response.

### Second Set of Discovery Requests

- A copy of the job description for everyone at Suwannee C.I. whose job involves working on issues related to ADA inmates and the accommodation of disabilities, or the notice described in his amended response, as requested in Request for Production No. 6 to the second set of discovery requests;

- The documents described in sections (a) through (d) in Request for Production No. 12 related to the "wound program" from 2020 to present; and

- Copies of the orientation documents provided to Plaintiff upon each transfer to a new facility to confirm which benefits and services are provided to all inmates despite their ADA status, as clarified

4

in Dixon's response to Interrogatory No. 1 in Plaintiff's second set of discovery requests.

### Third Set of Discovery Requests

- All records, including communications, about Plaintiff's transfer from Suwannee C.I. to Columbia C.I., as requested in Request for Production No. 5 in Plaintiff's third set of discovery requests; and

- All records showing the criteria on which officials relied in transferring Plaintiff to Columbia C.I. in August 2023, as requested in Request for Production No. 8.

4. Since entry of the Order on Plaintiff's motion to compel [ECF No. 103], Secretary Dixon has (a) made dormitory logs available to Plaintiff's counsel for in-person inspection and (b) produced 55 emails/attachments.

5. As to the dormitory logs, on March 12, 2024, Plaintiff's counsel James Cook traveled to Suwannee C.I.—after attempting to make earlier efforts to go to the facility but not receiving a timely response—and scanned 662 sets of dormitory logs, or almost 8,000 pages of records.

6. Two days later, on March 14, 2024, Dixon's counsel asked Plaintiff's counsel's position on an extension of time for him to comply with the Court's Order, in part due to a need to redact[1] the emails to be provided to Plaintiff. The parties did not reach an agreement. Dixon's counsel represented there were approximately 7,500 emails.

7. On April 8, 2024, Plaintiff's counsel received a tranche of 55 documents, consisting of several emails with attachments.

8. Other than the dormitory logs and 55 items produced yesterday, Plaintiff has not received any other records ordered by the Court above. Nor has Plaintiff's counsel received any further information on this matter from Dixon as to a timeline for the remaining records.

## Memorandum of Law

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.*,

---

[1] It should be noted that Plaintiff requested that Dixon and other defendant produce emails, to the extent practicable, in native format. [ECF No. 27 at 5]. Plaintiff is concerned that unnecessary redactions will not only delay and multiply these proceedings but result in records not produced in native format.

*Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). That includes the inherent power to sanction a litigant, including the striking of pleadings or dismissal of an action, for failure to comply with a court order. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017).

Here, Secretary Dixon has failed to comply with the Court's February 13, 2024 Order on Plaintiff's motion to compel. He has made little effort to provide responsive records in almost two months. After Plaintiff filed a notice of noncompliance on April 3, 2023—which the Court has stricken because it was not in the form of a motion [ECF No. 105, 107]—Secretary Dixon did not provide any further information on the estimated timeline for production, and instead produced a mere 55 items, when by his counsel's calculation there are 7,500 responsive emails.

Accordingly, Plaintiff provides notice to the Court that Secretary Dixon has not complied with the Court's order compelling production of records. Given that Secretary Dixon's deadline to file his summary judgment motion is in less than a week and Plaintiff has not received the bulk of the compelled records, Plaintiff would suffer great prejudice and would anticipate needing to defer a

7

response under Rule 56(d). Given the enormity of the unproduced discovery, Dixon has placed Plaintiff in a difficult position and therefore Plaintiff must seek Court intervention to require Dixon to comply with the Court's order.

## Conclusion

For these reasons, Plaintiff Donny Phillips requests that the Court (1) require Secretary Dixon to show cause why he should not be sanctioned for failing to comply with the Court's order (2) order Secretary Dixon to immediately comply with the Court's prior Order compelling production, and (3) defer the summary judgment deadline in the interim.

## Certificate of Good-Faith Conference

I hereby certify that I conferred with Lauren Strickland, counsel for Secretary Dixon, on April 9, 2024 by telephone. Secretary Dixon opposes the relief requested herein.

Dated: April 9, 2024.

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

James V. Cook (FBN 0966843)
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

*Attorneys for Plaintiff*