UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DONNY PHILLIPS,**

    **Plaintiff,**

v.                                        Case No. 3:22-cv-997-BJD-LLL

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## DEFENDANT DIXON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Defendant RICKY DIXON, by and through his undersigned counsel, hereby responds to Plaintiff's Motion for Order to Show Cause [Doc. 108] why the Court should not enter default against him for his failure to comply with this Court's February 13, 2024, Order on Plaintiff's Motion to Compel Defendant Ricky Dixon to Produce Documents and Provide Better Answers to Discovery Requests and for Sanctions [Doc. 94] and states the following in support thereof:

1

## FACTUAL BACKGROUND

1. Donny Phillips initiated this lawsuit against multiple defendants regarding his alleged treatment during his incarceration at Suwannee Correctional Institution and most recently his alleged treatment at Columbia Correctional Institution. [Doc. 25].

2. After voluntarily dismissing the medical defendants, the remaining defendants were: Defendant Ricky Dixon, in his official capacity; Defendant Debra Aldridge, in her personal capacity; Defendant Savonia Richardson-Graham, in her personal capacity; and Defendant Teressa Hawthorne, in her personal capacity.

3. The Plaintiff has settled all claims against the individual defendants, and subsequently voluntarily dismissed them from the case on April 5, 2024. [Doc. 106].

4. The remaining counts against Defendant Dixon, in his official capacity, are: Count I: Violation of 42 U.S.C. §1983, First Amendment Retaliation; Count III: Violation of 42 U.S.C. §1983, Eight Amendment; and Count IV: Violation of ADA/RA.

5. During the course of litigation, Defendant Dixon has received four sets of discovery requests from Plaintiff and responded to each.

6. Since receiving Plaintiff's first discovery request on December 7, 2022, Defendant's counsel has and continues to work diligently to obtain and produce documents responsive to Plaintiff's requests, which can be overly broad and unduly burdensome at times.

7. On December 15, 2023, Plaintiff filed its Motion to Compel addressing what he alleged to be Defendant Dixon's failure to respond adequately to many of the document requests, as well as his failure to respond appropriately or completely to several interrogatories, encompassed within the Plaintiff's four sets of discovery.

8. Defendant Dixon filed his Response to Plaintiff's Motion to Compel [Doc. 98], addressing each alleged deficiency Plaintiff had identified by either stating that production of certain groups of documents would be overly broad and specifically unduly burdensome because of the sheer volume of records and redaction requirements for each, or stating that specific documents would indeed be produced. Defendant Dixon also agreed to provide better or more complete responses to most of the interrogatories identified in the Motion to Compel.

9. On February 13, 2024, this Court entered its Order on the Plaintiff's Motion to Compel, granting it in part and denying it in part. [Doc. 103]. While most of the documents Defendant Dixon was ordered to produce were manageable, the request for emails resulted in approximately 7,500 emails, including some without attachments and many with attachments.

10. The undersigned received the responsive documents from the Department of Corrections in four batches on February 16, February 19, March 14, and April 5, 2024. A large portion of the responsive documents, which include the aforementioned emails, contain protected information that requires redaction and approval by the Department of Corrections before they can be produced to Plaintiff. Many of the emails have attachments that are approximately 950 to 1,000 pages long and contain identifying information of other inmates that require redaction, as well.

11. Since receiving the first batch of emails, the undersigned's staff has been working systematically and consistently on converting the emails into PDF files that can then be redacted accordingly. *See Exhibit 1*.

12. Initially, one full-time paralegal was handling the redactions herself, but when the number of documents and emails increased exponentially, she began working almost exclusively on the redactions with additional assistance from another paralegal, two administrative staff members and two law clerks from the firm's Orlando office. Staff has worked overtime and on weekends, as well, to complete the required redactions in order to comply with the Court's Order. *Id.*

13. Counsel for both parties have been in communication with one another regarding the process we are required to follow for the redactions and production throughout this process.

14. During at least one of these conferrals, the undersigned informed Plaintiff that the Defendant would agree to a deadline extension for Plaintiff to respond to Defendant Dixon's Motion for Summary Judgment filed, on April 15, 2024 [Doc. 111] in an effort to give both parties ample time to adequately address discovery needs. *See Exhibit 2*. Thus, to the extent that Plaintiff identifies his harm as not being able to adequately respond to Defendant Dixon's Motion for Summary Judgment absent complete compliance with the Motion to Compel, that claim is without merit.

15. On April 14, 2024, Plaintiff filed his Motion for Order to Show Cause[1] for the Defendant's alleged failure to comply with the Court's Order on Plaintiff's Motion to Compel, despite being aware of Defendant Dixon's substantial compliance with this Court's Order in light of the volume of documents and emails the Defendant is processing and producing.

16. At the time of filing this with the Court, there are approximately 950 of the 7,500 emails that still require redaction and subsequent approval by the

---

[1] Most recently, in a meeting between counsel on April 23, 2024, Mr. Slater volunteered that ¶8 of Plaintiff's Motion for Order to Show Cause (alleging that Plaintiff had received no documents other than a batch of 55 emails and the dorm logs that counsel for both parties traveled to Suwannee to inspect) was incorrect and apologized to the undersigned for the inclusion of that incorrect information.

Department of Corrections, as well as most of the attachments contained within the 7,500 emails.

## **LEGAL STANDARD**

A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B). The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information. *United States v. Fed. Ins. Co.*, 619CV1784ORL78DCI, 2020 WL 13133436 (M.D. Fla. Nov. 24, 2020) (citing *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000).

The Supreme Court has clarified that an individual's discovery conduct should be found "substantially justified" under Rule 37 sanctions if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154 (11th Cir. 1993)* (citing *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citations omitted)). Rule 37 places the burden of the noncompliant party to avoid expenses by showing that his failure is justified or that

special circumstances make an award of expenses unjust. *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.,* 259 F.R.D. 591 (M.D. Fla. 2009), *report and recommendation adopted in part*, No. 607-CV0222-ORL-35KRS, 2010 WL 55595 (M.D. Fla. Jan. 5, 2010). Due to Defendant Dixon's extraordinary efforts to comply with the Court's Order and substantial compliance based on the remaining number of emails and attachments that require redaction, neither sanctions nor the award of expenses pursuant to Rule 37 would be appropriate at this time.

WHEREFORE, Defendant Dixon, by and through undersigned counsel, respectfully requests that the Court accepts this response as evidence of Defendant's already substantial compliance with the Court's Order on Plaintiff's Motion to Compel and its commitment to complete this task as outlined above as timely as possible given the limited staff resources, volume of documents and redaction requirements.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing has been served on all counsel of record by CM/ECF on April 26, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
