UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

v.                                              Case No. 3:22-cv-997-BJD-LLL

RICKY DIXON, in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D.,
ELIZABETH HOLMES, BRITNNEY
CANNON, CONNIE LYNN ADAMS, SGT.
SAVONIA RICHARDSON-GRAHAM, SGT.
DEBRA ALDRIDGE, and OFCR TERESSA
FILLMORE HAWTHORNE

    Defendants,
_____/

## DEFENDANT DIXON'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DIXON'S MOTION FOR SUMMARY JUDGMENT

Defendant Dixon, by and through undersigned counsel and pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 3.01(d), hereby files this reply to Plaintiff's Response in Opposition to Dixon's Motion for Summary Judgment [Doc. 116] and state the following:

**A. Reply to Plaintiff's Res Judicate Non-Application Theory.**

While Plaintiff has relied on the Eleventh Circuit's reasoning in *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285 (11th Cir. 2004), to claim that res

1

judicata does not apply in the case at bar, the case at bar is easily distinguishable from that of *Norfolk*. In *Norfolk*, the language of the settlement agreement itself included explicit language reserving the right to seek damages from the other party in a subsequent action. Thus, in *Norfolk*, it followed that the Eleventh Circuit looked to that particular term of the settlement agreement to determine the parties' intent from it. *Norfolk*, however, is not the state of the law insofar as interpreting contracts since fundamental principles of contract interpretation guide against reading one provision of a contract in isolation. *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 30 F.4th 1079 (11th Cir. 2015). "Traditional contract interpretation is a question of law decided by reading the words of a contract in the context of the entire contract and construing the contract to effectuate the parties' intent." *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104 (11th Cir. 2014) (quoting *Moore v. Pennsylvania Castle Energy Corp.,* 89 F.3d 791 (11th Cir. 1996)). Terms and phrases cannot be viewed in isolation. *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1221 (11th Cir. 2015).

While Plaintiff contends in his Response to Defendant Dixon's Motion for Summary Judgment that the first and third paragraphs of Plaintiff's 2019 Settlement and Release of all Claims [Doc. 110-1] conflict with each other in their language, Plaintiff has further overlooked a broader concept of contract law. In contracts and settlement agreements, while one party may argue they were kept in the dark,

standing behind a tree does not leave them blind to the forest. *Florida Virtual Sch. v. K12, Inc.*, 2023 WL 6292409 (M.D. Fla. Aug. 25, 2023). In other words, Plaintiff was not forced to enter into this settlement agreement which he now finds to be ambiguous and restrictive of his rights; Plaintiff certainly had opportunity to reject the terms of the agreement and propose new ones or not enter into the agreement at all.

Instead, Plaintiff has cherry-picked specific provisions and terms from the agreement in an attempt to conflate and misconstrue the two sections. Paragraph 1 of the settlement clearly reads that Plaintiff 'forever releases, acquits, and discharges [defendants] of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses, and compensation whatsoever, including attorney's fees, which the undersigned now has or which may *hereafter accrue* on account of or in any way growing out of the events and injuries that were at issue in this action, including any and all known and unknown, foreseen and unforeseen personal bodily injuries.' [Doc. 110-1]. When read in its entirety, the Settlement Agreement clearly highlights the intent of the parties is to bar all subsequent claims related to the types of issues at bar in the 2019 case, which are now repeated.

Wherefore, Defendant Dixon respectfully requests this Court enter final summary judgment in his favor as to Plaintiff's Amended Complaint and grant such other relief as the Court deems proper.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on May 16, 2024.

*/s/ Thomas Buchan*
Thomas Buchan
