UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendant.

Case No. 3:22-cv-997-BJD-LLL

**PLAINTIFF'S REPLY IN SUPPORT OF
HIS MOTION FOR ORDER TO SHOW CAUSE**

With the Court's permission (Doc. 118), Plaintiff Donny Phillips files this brief reply in support of his motion for an order directing Defendant Ricky Dixon, Secretary of the Florida Department of Corrections, to show cause why he should not be sanctioned for failing to comply with this Court's February 13, 2024 Order (the "Order") (Doc. 103) on Plaintiff's motion to compel him to provide certain records and better responses to interrogatories. (Doc. 108).

**I.    Dixon has still not turned over all compelled records.**

As an initial point, 90 days have passed since the deadline in the Court's Order requiring complete production of compelled records. Despite that, as of the date of filing, Dixon has still not fully turned over records. In fact, Dixon's counsel's office informed Plaintiff's counsel on May 30 that another batch of records (Batch 7) was still forthcoming. To date those records have not been turned over.

To assist the Court, attached is the declaration of James V. Cook ("Cook Decl."), attesting to the searches he performed of the records provided, as well as how information has been disseminated by Dixon in the past, including a prior case by Plaintiff. Each of the requests and the status of those requests is addressed in turn.

## First Request for Production

- <u>Request No. 37 for documents related to cellulitis at Suwannee C.I. (1/1/20-11/17/2022)</u>: Other than the chronological medical records detailing Plaintiff's repeated bouts of cellulitis and a brief mention in the facility's Infection Control Program Manual, Chapter 13, page 26, Dixon provided no information regarding the frequency or seriousness or disposition of cellulitis cases at the institution. No information was provided with or without identifiers.

- <u>Request No. 39 for documents sufficient to show the number of adult pull-up diapers issued at Suwannee C.I. (2020-2022)</u>: Dixon provided no information regarding the number of pull-up diapers issued at Suwannee C.I. as to any other inmates (Dixon only provided a log of the steadily reduced number of adult diapers (sometimes pull-up; sometimes not) provided to Plaintiff at Suwannee C.I.). The database entry below suggests that there was information that could have been utilized to produce pertinent information relating to the issuance of diapers (with identifiers redacted) for other inmates, as compelled by the Court:

2

```
HS06 0 789552                                              06/26/23 11:13:33
   HSSB006      HEALTH CLASSIFICATION & CONSIDERATIONS              PAGE 001
DOC NO. OFFENDER NAME         RELEASE DTE RACE    SEX    BIRTH DATE   AGE
789552  PHILLIPS, DONNY R.     04/21/2024 WHITE   MALE   08/14/1960    62
                            MEDICAL INFORMATION
   CONTACT STAFF             ACTION TYPE/REMARK       START-DATE   END-DATE

                    Wheelchair Distance (WHEED)       04/13/2023  07/12/2023
                       WHEED
                    OPAS1 Other type                  09/06/2022  09/06/2023
                       MEDICAL SUPPLIES: LARGE DIAPERS. WIPES,
                    LOW BUNK PASS                     09/06/2022  09/06/2023
                       LOW BUNK/LOW TIER X 365 DAYS
                    PASS, OTHER TYPE                  04/13/2023  10/10/2023
                       NO PROLONG STANDING MORE THAN 20 MINUTES
```

- <u>Request No. 40 for documents, including communications between staff at the facility and any other person relating to requests, procurement and distribution of pull-up diapers</u>: Dixon produced a single e-mail thread requesting documentation of diapers provided to Plaintiff, but nothing relating to diapers at the facility as a whole, with or without identifiers.

- <u>Request No. 41 for documents and communications dealing with incontinence of bladder and bowel at Suwannee C.I.</u>: No records were produced, and it is unclear whether there was a failure to produce or if no such records exist.

- <u>Request No. 42 for documents as to the bladder/bowel incontinence treatment provided to each patient (identifiers redacted) and the staff involved in the treatment</u>: No such information was provided with or without identifiers. As evidenced by the above database printout, such information could be reasonably accessed for other similarly situated inmates.

- <u>Request No. 51 for communications between ADA coordinators, prison staff, contractors, or agents, relating to Plaintiff</u>: Dixon provided scores of emails with attachments entitled "Impaired Inmate Lists" or "Inmate Impairment Lists,"

3

some with more than a thousand pages of redacted inmate identifiers and their location, with only Plaintiff's information unredacted. The emails Dixon provided had email addresses heavily redacted for contract medical providers.

The only other responsive records provided were a series of emails regarding Plaintiff's grievances. The impairment records produced provide virtually no usable information about Plaintiff's disability issues. It is unclear why, given the references to Plaintiff's cellulitis in medical records, there would be no communications produced on these matters. *See* Cook Decl. Ex. C.

### Second Request for Production

- <u>Request No. 12 sought a series of documents relating to the Wound Care Program</u>: no responsive records were produced. Plaintiff's counsel has discovered that the FDC system of wound care program centers has been discontinued, which should have given rise to vigorous conversations

Given the scant effort made to produce critical records referencing Plaintiff's efforts to secure sufficient diapers and other sanitation needs at Suwannee C.I.—which was part of the very first set of production requests to Dixon—means that Plaintiff has been effectively prevented from building and prosecuting his case. It is particularly concerning that despite the Order requiring compliance by a date certain, the parties are now 90 days past that deadline without full compliance. Accordingly, the Court should grant the motion for an order to show cause.

**II.    Dixon has redacted records beyond what the Order provides.**

4

As a final matter, Defendant Dixon is redacting from the records substantive information and information that could foreseeably lead to material evidence. *See* Cook Decl. ¶ 4 & Ex. B. That is not acceptable given that the Order was clear on what could be redacted. For example, Dixon has redacted all the email addresses of non-Department staff, effectively preventing Plaintiff from contacting witnesses or advancing his case. *See id.* He has also redacted substantive portions of records prior to sending the records to his own counsel, preventing both sides from meaningfully understanding the full picture of the records. *See id.* at ¶ 7; *see also id.* at ¶ 3 & Ex. A.

WHEREFORE, the Court should grant Plaintiff Donny Phillips' motion for an order to show cause and, in its discretion, determine appropriate sanctions for Secretary Dixon's failure to comply with the prior Court Order.

Dated: June 12, 2024

Respectfully submitted,

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel. (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff*