UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

     Plaintiff,

v.

RICKY D. DIXON,

     Defendant.

Case No. 3:22-cv-997-BJD-LLL

## DECLARATION OF JAMES V. COOK

I, James V. Cook, pursuant to 28 U.S.C. § 1746, state as follows:

1.     I am counsel of record in this case for Plaintiff Donny Phillips. I am over 18 and have personal knowledge of the facts set forth in this declaration.

2.     The purpose of this declaration is to annex certain records produced by Dixon in response to the Court's Order (as that term is defined in Plaintiff's contemporaneously filed reply brief) as well as outline my searches of those records.

3.     Attached as Exhibit A is a true and correct copy of the public records guidelines persistently followed by the Florida Department of Corrections (FDC), reflect the standards followed by FDC in responding to public records requests under Florida Statutes. These guidelines were provided by Dixon's counsel when asked what standards FDC used as guidelines for redacting federal discovery records.

4.      Attached as Exhibit B, is a true and correct copy of exemplars of redaction practices utilized by FDC after the Court's Order that do not appear to follow any redaction guidelines. For instance recent e-mails had the e-mail addresses of medical contractors redacted. Other sets of e-mails had the names of inmates who accompanied Phillips to non-medical call-outs redacted. These are representative of a much larger body of heavily redacted responsive e-mails and attachments.

5.      Attached as Exhibit C is a true and correct copy of Plaintiff's FDC medical records showing references to incidents of cellulitis raising the question as to why there would be zero references to Plaintiff's cellulitis in FDC communications, including e-mails, produced to Plaintiff in discovery.

6.      My staff and I have reviewed the records provided by Dixon since the Court's Order, including communications and reports by FDC staff. We have employed several search terms in the records after running OCR to read and recognize the text. None of the responsive results evidenced an inquiry into the efforts of the institution to broadly and systemically address the impairments that Plaintiff suffered. The results, which are troubling, are as follows:

     i.   "diaper" = 3 results (all referencing Plaintiff only);

     ii.  "cellulitis" = 2 results (none in reports or communications);[1]

     iii. "incontinen!" = 0 results; and

---

[1] Since Plaintiff first contracted cellulitis in 2018, cellulitis has been mentioned numerous times in handwritten chronological medical records but they don't register in computer word searches. Plaintiff's experts recently confirm that his condition is chronic cellulitis.

2

iv.   "Wound Program" = 0 results.

We are continuing to review the records.

7.      I was previously counsel of record for Plaintiff in another lawsuit involving his conditions of confinement within the state penal system. In that prior case, the Department provided me with a log of all emails (Exhibit D, Pages from Phillips E-mail Log), which I understand it was able to provide in a very short time as they ran the search. On a May 15, 2024 call with Dixon's counsel, I asked Dixon to produce the same type of log in this case but have not received such a log. During that call, Dixon's counsel informed me that certain records were provided to counsel by the Department that were already redacted, and that Dixon's counsel did not know the reason for those redactions. Finally, FDC informed us that there would be ten batches of e-mails coming. We received batches 1-6 and 8-10, but not batch 7. We understand that is still outstanding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2024 in Tallahassee, Florida.

James V. Cook

3