UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

    Plaintiff,

vs.

RICKY D. DIXON, et al.,

    Defendants.

Case No. 3:22-cv-997-BJD-LLL

**PLAINTIFF'S OPPOSED MOTION FOR
CASE MANAGEMENT CONFERENCE**

Plaintiff Donny Phillips, through counsel, and pursuant to Rules 1 and 16(a) of the Federal Rules of Civil Procedure, respectfully requests this Court to set a Case Management Conference, and in support would show:

**A. Discovery Responses Are Still Incomplete after 19 Months**

1. Defendant Dixon has ignored or slow-walked responses to Plaintiff's discovery requests from early in this case.

2. On December 15, 2023, Plaintiff filed a Motion to Compel [ECF No. 94] complaining that substantial records and information, some having been requested as much as a year earlier, on December 7, 2022, had still not been substantially responded to.

1

3. On February 13, 2024, this Court entered an Order [ECF No. 103] requiring the Defendant to produce the following records and information below within 30 days (March 14, 2024):

### a. First Set of Discovery Requests

i. Dormitory logs, or to the extent they were destroyed, retention schedules, for several dates in response to Request for Production No. 34;

ii. All documents related to cellulitis infections at Suwannee C.I. for the period of January 1, 2020 through November 17, 2021, as requested in Request for Production No. 37, as limited by agreement on redactions;

iii. Documents sufficient to show the number of pull-up diapers issued at Suwannee C.I. in 2020, 2021, and 2022, including the number each individual received per day, as requested in Request for Production No. 39, as limited by agreement on redactions;

iv. All documents and communications related to the procurement and distribution of pull-up diapers between January 1, 2020 and present between staff at Suwannee C.I. an any other person, as requested in Request for Production No. 40, as limited by agreement on redactions;

v. All documents and communications related to bladder and bowel incontinence between January 1, 2020 and present between staff at Suwannee C.I. and any other person, as requested in Request for Production No. 41, as limited by agreement on redactions;

vi. Documents about each prisoner diagnosed with bladder or bowel incontinence, including: (c) course of treatment, and

      (d) all medical staff involved in treatment, as specified in Request for Production No. 42, as limited by agreement on redactions;

  vii.  All communications between ADA coordinators or Dixon's staff, contractors, or agents, discussing or concerning Plaintiff, as requested in Request for Production No. 51;

  viii.  All documents relating to the screening of prospective Impaired Inmate Assistants, under Procedure 403.011, for Plaintiff, as requested in Request for Production No. 53, or notice as described in Dixon's amended response; and

  ix.  All documents relied on to make determinations or assessments regarding ADA accommodations or compliance with Procedure 403.011, as requested in Request for Production No. 54, or notice as described in Dixon's amended response.

**b. Second Set of Discovery Requests**

  i.  A copy of the job description for everyone at Suwannee C.I. whose job involves working on issues related to ADA inmates and the accommodation of disabilities, or the notice described in his amended response, as requested in Request for Production No. 6 to the second set of discovery requests;

  ii.  The documents described in sections (a) through (d) in Request for Production No. 12 related to the "wound program" from 2020 to present; and

  iii.  Copies of the orientation documents provided to Plaintiff upon each transfer to a new facility to confirm which benefits and services are provided to all inmates despite their ADA status, as clarified in Dixon's response to Interrogatory No. 1 in Plaintiff's second set of discovery requests.

    **c. Third Set of Discovery Requests**

     i. All records, including communications, about Plaintiff's transfer from Suwannee C.I. to Columbia C.I., as requested in Request for Production No. 5 in Plaintiff's third set of discovery requests; and

     ii. All records showing the criteria on which officials relied in transferring Plaintiff to Columbia C.I. in August 2023, as requested in Request for Production No. 8.

  4. As to First Discovery, RFP 34, the Dormitory Logs, on March 12, 2024, Defendant Dixon permitted undersigned counsel to travel to Suwannee Correctional Institution and scan the requested Dormitory Logs. On March 15, 2024, Defendant Dixon provided requested Post Orders 1, 9, and 10 (job-related procedures and rules) and various job descriptions.

  5. On March 15, 2024, Defendant Dixon supplemented his Responses to Plaintiff's First and Second Requests for Production to provide new responses to his earlier discovery submissions.

  6. As to RFP 37, reports of cellulitis infections, Defendant Dixon responded that although there were monthly wound reports from the institutions, none (between January 1, 2020 and present) was for cellulitis.[1]

---

[1] Presumably, no reports were found for Plaintiff although the Chronological Records showed multiple mentions and his cellulitis condition was identified by his experts.

4

7. As to RFP 39, provision of pull-up diapers at Suwannee in 2020-22. Defendant stated that such records, if they existed, had to come "directly" from his medical contractor, Centurion, since the records were not in his "possession" or "custody" (but did not explain why they were outside his control).

8. As to other requests, including, RFP 40, 41, and 51, Defendant Dixon explained that his attorneys were having to go through thousands of responsive e-mails that required redaction. Having received nine out of ten batches of the aforementioned e-mails, Plaintiff has found only one mention of diapers in e-mails within the requested time frame and no mentions of cellulitis.

9. Since the Court's Compel Order [ECF No. 103] on February 13, 2024, Defendant Dixon has spent months converting e-mails from the requested native format (.pst) to .pdf format to redact things like work e-mail addresses of FDC contract medical providers from e-mails and names of inmates who went to call-outs with Plaintiff – depriving Plaintiff of the identities of potential witnesses without any basis for redaction.[2]

---

[2] Inmates who went to call-outs at the same time as Plaintiff could testify that he was being denied a wheelchair assistant, that inmates who volunteered to help him were threatened with confinement, and that Plaintiff was often denied access to the use of a bathroom outside the dorm, even when he had a bathroom pass.

10. Under the Court's Order, all delinquent records were due March 14, 2024, but no records other than the logs scanned by Plaintiff's counsel, were produced as of that date. Defendant Dixon's counsel represented there were about 7,500 responsive emails.[3] Defendant Dixon produced nine batches of e-mails: Batch 1 (April 10); Batch 2 (April 29); Batch 3 (April 18); Batch 4 (April 24); Batch 5 (April 25); Batch 6 (June 8); Batch 8-10 (May 31). Batch 7 (still missing).

11. As of the date of this Motion, despite the provision that patient identifiers could be redacted, Defendant Dixon has not produced any records on the frequency, severity, or disposition of cellulitis cases at Suwannee C.I. He has provided no records or communications about the issuance of adult diapers to inmates at Suwannee (other than Plaintiff). Defendant Dixon has produced no records relating to the operation of the allegedly discontinued Wound Care Program which had provided for inmates with infections that did not heal within two months to be sent to special wound care centers.

**B. Prejudice to Plaintiff No Longer Appears to be Curable**

---

[3] A great deal of time was wasted in unjustified redactions, as noted above, and by the fact that Defendant Dixon declined the offer of Plaintiff's counsel to do an "attorney's eyes only" review of scores of e-mails that contained hundreds of pages of names of inmates (such as Impaired Inmate Lists) where Plaintiff's name was just a single line.

12. The failure of Defendant Dixon to provide information relating to core issues in Plaintiff's case has de-railed Plaintiff's efforts to discover evidence of what went wrong in his efforts to recover from repeated serious bouts of cellulitis that threatened, and still threatens, his right leg even after he has been released from prison. He no longer has the option of setting depositions based on the records – or intriguing lack of records – on core issues in his case.

13. Plaintiff was no longer able to use the records sought over the last 19 months to seek further discovery to help him respond to Defendant Dixon's Motion for Summary Judgment, which he filed on April 15.

14. Despite Plaintiff's offer to select likely e-mails from a log of responsive e-mail hits or doing an "attorney's eyes only" review of e-mail hits, Defendant Dixon insisted on reviewing – and making questionable redactions on – each of thousands of responsive e-mails and attachments.

15. The deficiency is not just as to e-mails, but also records relating to the accommodation of incontinent inmates and the occurrence of cellulitis, a dangerous tissue infection which has flared up repeatedly.

16. This matter is set for the Trial Term beginning October 7, 2024 (ECF 104), and the prejudice due to Defendant's failure to produce records can no

longer be cured. As trial looms closer, the prejudice to Plaintiff is intensified.

## MEMORANDUM OF LAW

The Eleventh Circuit has held that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). See Fed.R.Civ.P. 16(a) ("In any action, the Court may in its discretion direct the attorneys for parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as (1) expediting the disposition of the action. . . ."); Fed.R.Civ.P. 1 (The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."); Plaintiff estimates one hour should be sufficient for this conference.

Here, Secretary Dixon failed to comply with the Court's February 13, 2024 Order on Plaintiff's motion to compel. He has made wholly deficient efforts to provide responsive records over more than five months. With Pretrial just a little more than two months away, Plaintiff has been prevented from getting timely straightforward discovery responses and from following up

through further discovery to prepare his case for trial.

WHEREFORE, the Plaintiff respectfully requests this Court to call a Case Management Conference to find and implement a systemic resolution of the continuing discovery issues in this case.

Respectfully Submitted,  s/ James V. Cook
JAMES V. COOK
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

Attorneys for Plaintiff

I CERTIFY that I have conferred with opposing counsel by e-mail and tried to confer by phone pursuant to Local Rules and counsel OBJECTS to the Motion.

I CERTIFY foregoing was filed and served electronically on July 15, 2024 on all counsel of record registered with the CM/ECF System.

*s/James V. Cook*