UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNY PHILLIPS,

      Plaintiff,

v.

RICKY DIXON, *et al.*,

      Defendant.

Case No. 3:22-cv-997-BJD-LLL

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE AND <u>REQUEST FOR ADVERSE INFERENCE INSTRUCTION</u>

Pursuant to Rules 401, 403, 404 and 609 of the Federal Rules of Evidence, and Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiff Donny Phillips files this Omnibus Motion in Limine and incorporated memorandum of law seeking entry of an order excluding evidence or argument on these matters:

1.      Any reference to Plaintiff's arrests and convictions, including any references to such information in any documents admitted into evidence because such evidence is inadmissible pursuant to Rule 609 and any probative value it may have is substantially outweighed by the risk of unfair prejudice to Mr. Phillips under Rule 403.

2.      Speculation about Mr. Phillips' purchase of commissary goods for fellow prisoners or references to family putting money in his inmate account.

3.      Records relating to calls and messages between Mr. Phillips and his family members as not relevant.

4.      Secretary Dixon should be precluded from introducing any evidence of dismissal of claims or parties from this lawsuit.

5.      Secretary Dixon should be precluded from arguing that it had no duty to Mr. Phillips because it contracted its health-management services to Centurion of Florida.

6.      Secretary Dixon should be precluded from introducing any records or evidence which was not identified in his Rule 26(a)(1) disclosures or provided through discovery. Additionally, Mr. Phillips requests that an adverse inference be instructed on Secretary Dixon's failure to provide complete discovery.

7.      Nurse Foskey should not be permitted to testify, and if permitted, should not be permitted to render any opinion testimony.

As detailed below, each of these categories of evidence, as well as any associated arguments related to such evidence, should be excluded.

Undersigned counsel for Mr. Phillips met and conferred with counsel for Secretary Dixon by email and endeavored to schedule a telephone call with Secretary Dixon's counsel Tom Buchan to discuss these issues but has been unable to ascertain Secretary Dixon's position.

## Memorandum of Law

### A. Legal Standard

The relevance of evidence is a threshold determination for the Court. Fed. R. Evid. 104. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Even if relevant, evidence "may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also Williams v. Consol. City of Jacksonville*, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2006) (granting motion in limine precluding reference to collateral matter "which could confuse the issues, mislead the jury, and lead to a mini-trial on collateral issues causing undue delay"). In determining the relevance of evidence, the Eleventh Circuit has defined "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one." *U.S. v. Hooks*, 147 F. App'x 956, 957-58 (11th Cir. 2005) (internal

quotation marks and citations omitted).

### B.  Specific Matters to Be Excluded.

#### 1.  Mr. Phillips' Arrests and the Nature of Any Convictions Should Be Excluded.

Trial courts have broad discretion when ruling on the admissibility of

prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984).

Federal Rule of Evidence Rule 609(b) "prohibits the admission of evidence of

past convictions for impeachment purposes if the convictions are more than ten

years old, 'unless the court determines, in the interests of justice, that the

probative value of the conviction supported by specific facts and circumstances

substantially outweighs its prejudicial effect.'" *Powers v. Target Corp.*, No. 19-cv-

60922-BLOOM/Valle, at *11 (S.D. Fla. Apr. 27, 2020) (citing *United States v. North*,

No. 1:16-CR-309-WSD, at *5 (N.D. Ga. Nov. 9, 2017) (quoting Fed. R. Evid.

609(b)); *see also Lordeus v. Torres*, No. 1:17-cv-20726, at *1 (S.D. Fla. Mar. 1, 2018).

Rule 609 applies when a party uses a prior conviction to attack "a witness's

character for truthfulness," and it accordingly applies "in those cases where the

conviction is offered only on the theory that people who do certain bad things

are not to be trusted to tell the truth." *United States v. Young*, 574 F. App'x 896,

899 (11th Cir. 2014) (quoting Fed. R. Evid. 609(a)).

In the Eleventh Circuit "there is a presumption against the use of prior

crime impeachment evidence over ten years old; such convictions 'will be

admitted very rarely and only in exceptional circumstances.'" *United States v.*

*Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992) (quoting *United States v. Tisdale*, 817

F.2d 1552, 155 (11th Cir. 1987)). "The danger in admitting stale convictions is that

while their remoteness limits their probative value, their prejudicial effect

remains." *Pritchard*, 973 F.2d at 908. The proponent must show "exceptional

circumstances justifying the use of an over-age prior conviction." *North*, No. 1:16-

CR-309-WSD, at *5 (quoting *United States v. Hairston*, 627 F. App'x 857, 860 (11th

Cir. 2015)); *see also Young*, 574 F. App'x at 902 ("temporal remoteness of the [prior

conviction] depleted . . . any force of probity").

Here, Mr. Phillips has various arrests and convictions, all of them

occurring more than 10 years ago:

https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DC

Number=789552&TypeSearch=IR. Given the lack of recency, and the prejudice in

discussing the nature of these convictions under Rule 403, Secretary Dixon

should be prohibited from going into the nature of those convictions and/or arrests. That said, Mr. Phillips would agree that Secretary Dixon can confirm that Mr. Phillips was incarcerated during the events at issue on a felony conviction without going into the details (that they related to drug offenses, for example).

**2. The Court Should Bar Speculation about Commissary Payments.**

Given the discovery matters in this case, Mr. Phillips believes that Secretary Dixon will seek to argue that Mr. Phillips' family put money in his inmate account and Mr. Phillips used that money to purchase commissary items for fellow prisoners as a way to sway their testimony. There is no support for these contentions. Given that this is merely conjecture and Secretary Dixon has no good-faith basis for these contentions, the Court should not permit him to confuse the jury through argument or questioning that has no basis in fact.

**3. Secretary Dixon Should be Precluded from Introducing Irrelevant Communications with Family.**

Secretary Dixon provided voluminous logs of calls and messages between Mr. Phillips and his family during discovery. Some of these messages bear on Mr. Phillips's condition in confinement but most of them do not and are simply not relevant to any party's claim or defense in this case. The Court should preclude Secretary Dixon from introducing calls or communications with family

absent the messages containing communications or information relevant to Mr.

Phillips's sole claims in this case for violation of the Americans with Disabilities

Act/Rehabilitation Act.

### 4.  The Court Should Exclude Evidence of Dismissal/Settlement.

The Court should preclude Secretary Dixon from introducing any evidence

of Plaintiff's dismissal of several correctional officers prior to summary judgment

through settlement and dismissal of Centurion—its private health contractor—

and its providers. Such dismissals are not relevant and their probative value is

"doubtful" and would lead to jury confusion. *See Wajcman v. Investment Corp. of*

*Palm Beach*, 2009 WL 465071, at *4 (S.D. Fla. Feb. 23, 2009) (collecting cases

precluding introduction of evidence of settlement with other defendants).

Testimony about other claims or defendants would only confuse the issues for

the jury and would lead to low probative value, if any.

### 5.  Similarly, Secretary Dixon should not be permitted to argue that he is absolved from responsibility by virtue of his contract with Centurion.

Throughout this litigation, Secretary Dixon has argued that any fault lies

with Centurion, his medical provider for state prisons in Florida. For example, in

his motion for summary judgment he wrote: "Here are allegations more properly

addressed to the dismissed medical provider, but are now aimed at Defendant

Dixon because he must apparently monitor the care and treatment of every

inmate, thus overseeing to a ridiculous extent the functions Centurion provided

then and still provides. Plaintiff has also impermissibly conflated ADA issues

with strictly medical ones and stretched the concept of a non-delegable duty past

the breaking point." [ECF No. 110 at 8]. As Mr. Phillips wrote in his reply in

support of his motion for preliminary injunction,

> Phillips's decision to dismiss Centurion does not affect his claim for
> injunctive relief under the Eighth Amendment against Dixon. Dixon
> ignores that FDC owes a nondelegable duty to Phillips to provide
> him with adequate medical care under the U.S. Constitution and
> state law. See Fla. Admin. Code R. 33602.109(9) ("All inmates shall
> be furnished proper medical care and medicine."). Even though
> Dixon may contract with a private entity to provide inmates with
> medical care, FDC retains a nondelegable duty to its inmates. *Cineus
> v. Fla. Dep't of Corr.*, 2022 WL 4448599, at *3 (M.D. Fla. Sept. 23, 2022)
> (denying a motion to dismiss FDC under the nondelegation
> doctrine). As explained in *Ancata v. Prison Health Servs., Inc.*, "federal
> courts have consistently ruled that governments, state and local,
> have an obligation to provide medical care to incarcerated
> individuals" and that "duty is not absolved by contracting with an
> entity" as the government "itself remains liable for any
> constitutional deprivations caused by the policies or customs" of
> that entity. 769 F.2d 700, 705 (11th Cir. 1985); *see also Geftos v. Jones*,
> 2018 WL 1139055, at *3 (M.D. Fla. Mar. 2, 2018); *Hunt v. Gualtieri*,
> 2016 WL 1077361, at *3 (M.D. Fla. Mar. 18, 2016).

[ECF No. 82 at 2].

Secretary Dixon seeks to confuse the jury about his obligations to comply with the Americans with Disabilities Act by explaining that he "must apparently monitor the care and treatment of every inmate" which he has outsourced to Centurion. But as the Court knows, just because the Department outsourced medical care, does not mean that it is absolved from liability under federal law. Because Secretary Dixon will seek to shift blame to its medical provider and confuse the issues by doing so, the Court should not permit such argument as it would eviscerate the long-standing precedent that Secretary Dixon owes a nondelegable duty to Mr. Phillips notwithstanding its contract with Centurion.

### 6. Secretary Dixon Should Not Be Permitted to Introduce Evidence Not Disclosed and Should Face an Adverse Inference for Failing to Comply with a Court Order.

When a party fails to provide information required by Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 operates as an "automatic and mandatory" sanction of exclusion from hearing, motion, or trial. *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1141 (S.D. Fla. 2016); *see Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n, Inc.*, 595 F.3d 1203, 1210 (11th Cir. 2010) (affirming

exclusion of undisclosed evidence and theories and dismissal of counterclaims because no damages were proven).

The burden is on the non-disclosing party to defeat exclusion through a showing of justification for non-disclosure or its harmlessness. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (non-disclosing party bears burden) (granting summary judgment in defendant's favor and affirming striking of expert's testimony based, in part, on information not timely disclosed). "Substantial justification" requires a "genuine dispute about compliance"—that is "whether the party was required to comply with the disclosure request." *Earle v. State Farm Fla. Ins. Co.*, No. 6:07-cv-17-orl-31DAB, 2008 WL 53916, at *1–2 (M.D. Fla. Jan. 2, 2008) (granting motion to strike and excluding expert opinions as not timely disclosed).

Mr. Phillips requests that Secretary Dixon not be permitted to disclose at trial any documentation or other evidence that was not timely produced within the discovery timeframe. He should not be permitted to rely on any of these documents at trial. *See Harris Corp. v. Ruckus Wireless, Inc.*, 2015 WL 3671355, at *7 (M.D. Fla. June 12, 2015) (excluding late-produced documents per Rules 16(f) and

37(c) because they "effectively precluded [the defendant] from engaging in related discovery, which [it] would have otherwise had the opportunity to pursue").

Further, because Secretary Dixon has failed to comply with a Court order, preventing Mr. Phillips from being able to obtain all the evidence he needs to prosecute this case, the Court should find that Secretary Dixon acted in bad faith and that the jury should be instructed on this issue. *See, e.g., Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir.2009) (noting that a showing of malice is not required to find bad faith but emphasizing that an adverse inference can be "drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith"); *BP Prods. N. Am., Inc. v. Se. Energy Grp.*, Inc., 282 Fed.Appx. 776, 780 n. 3 (11th Cir.2008) (holding that an adverse inference presumption was appropriate where the district court implicitly determined that the defendant's actions were predicated on bad faith). Secretary Dixon violated this Court's order and has still not provided all the records the Court compelled him to provide. His failure constitutes bad faith and as a sanction the jury should be instructed on his failure to turn over evidence to Mr. Phillips.

**7.  Nurse Foskey Should Not Be Permitted to Testify.**

Although not identified on Secretary Dixon's Rule 26(a)(1) disclosures—and Secretary Dixon did not provide any Rule 26(a)(2) disclosures—Secretary Dixon has sought to rely on a nurse to explain Mr. Phillips' condition in the Department's custody as well as the Department's policies. [*See, e.g.*, ECF No. 81-1]. She should be precluded because she was not identified as a witness, and she has no personal knowledge of Mr. Phillips's care and condition in custody. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *Pineda v. Pescatlantic Group, LLC*, 16-25291-CIV, 2018 WL 11346674, at *4 (S.D. Fla. Aug. 16, 2018) ("A witness must also meet the 'personal knowledge' requirements set forth in Rule 602"). To the extent she is to testify about what Mr. Phillips's medical records purportedly say, such testimony would be pure hearsay and inadmissible. Further, to the extent Secretary Dixon would seek to call her as an expert, she was not disclosed as such and therefore cannot provide any such testimony. Accordingly, the Court should not permit Secretary Dixon to call Ms. Foskey as a witness at trial.

## Conclusion

For these reasons, Plaintiff Donny Phillips asks the Court to grant this motion.

### Local Rule 3.01(g) Certification

On September 10, 2024, the undersigned attempted to confer with Secretary Dixon's counsel by email, outlining the specific issues raised herein, with follow-up emails throughout the day. Undersigned counsel also attempted to call Secretary Dixon's counsel on September 10, 2024, but counsel did not return the undersigned's call. To the extent the undersigned receives any positions from Secretary Dixon on the requested relief, he will file a supplemental certificate.

Dated: September 11, 2024.          Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (305) 523-9023

James V. Cook (FBN 0966843)
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301

Tel. (850) 222-8080
cookjv@gmail.com

*Attorneys for Plaintiff Donny Phillips*