UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DONNY PHILLIPS,**

    **Plaintiff,**

v.                                       Case No. 3:22-cv-997-BJD-LLL

**RICKY D. DIXON, et al.,**

    **Defendants.**

_____/

## DEFENDANTS' MOTION IN LIMINE RELATED TO HEARSAY STATEMENTS OF FELLOW INMATES OF PLAINTIFF

COMES NOW, Defendant, RICKY D. DIXON, by and through undersigned counsel and hereby files his Motion in Limine to prevent Plaintiff from making inflammatory, unfounded, speculative statements regarding correctional officers and statements allegedly made by correctional officers and inmates. Specifically, the following statements are classic examples of hearsay for which no exception applies:

Plaintiff's deposition, page 67-69 (Ex. A)

1. Plaintiff testified multiple times that inmates told him that officers had "put a hit out on him."

2. Plaintiff also testified that he heard from other inmates that officers "put a hit" out on the inmate who pushed his wheelchair for him and "beat him to death in the bathroom because he was outspoken about me."

Plaintiff's deposition, page 134 (Ex. B)

3. Plaintiff testified that another inmate told him that "for a couple packs of cigarettes, [he] could have took the hit on [him]."

As defined in Rule 801 of the Federal Rules of Civil Procedure, all of the identified statements are out of court statements from other inmates that Plaintiff is using to prove the truth of the matter asserted, i.e., that "someone had a hit out on him." In support of this Motion, Defendant argues that the exclusion at trial of said statements pursuant to Rule 802 of the Federal Rules of Evidence is warranted. Whereas Rule 803 delineates a number of exceptions to the rule against hearsay, these inflammatory statements do not fall within any of the exceptions.

Likewise, even if they were not hearsay statements, such unfounded, inflammatory, and speculative statements have little probative value as to the remaining claim against Secretary Ricky Dixon and are far outweighed by the danger of inflaming and prejudicing the jury pursuant to Rule 403 of the Federal Rules of Civil Procedure.

For the reasons stated herein, Defendant requests that an Order be entered striking the aforementioned statements and prohibiting Plaintiff from making similar unfounded hearsay statements at trial.

## Local Rule 3.01(g) Certification

On September 12, 2024, the undersigned conferred with Plaintiff's counsel by email, outlining the specific issues raised herein, and Plaintiff's counsel objects to the relief requested herein.

Respectfully submitted,

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell
Florida Bar No. 0657379
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: jami@jsh-pa.com
*Attorney for Defendant Dixon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on September 12, 2024.

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell